### GREEN *et al. v.* THE STATE.

1. In the trial of an indictment for stealing baled cotton, based upon the Penal Code, § 186, where the indictment alleged that the bales stolen each weighed five hundred pounds and the proof substantially sustained this allegation, it was not error for the court to refuse to charge that if the evidence showed that the bales alleged to have been stolen weighed more or less than five hundred pounds each, they would be authorized to acquit the accused.

2. Where property is stolen in one county and removed to another, the larceny is considered as having been committed in each county, and is punishable in either.

3. One who assists in the commission of a larceny under the honest belief that the property stolen belongs to the one whom he is so assisting, and who after-

wards learns that such is not the case, but nevertheless continues to aid in the unlawful removal of the stolen property, is guilty as a principal in the offense committed.

Submitted February 17,—Decided March 12, 1902.

Indictment for stealing baled cotton. Before Judge Felton. Bibb superior court. January 9, 1902.

*Herman Brasch* and *B. J. Dasher*, for plaintiff in error, cited, as to variance between allegation and proof: 112 *Ga.* 18; 64 *Ga.* 449; 61 Ind. 447; 30 Me. (17 Shep.) 29; 50 Tenn. (3 Heisk) 452. On the proposition that the court erred in the charge as to what would render the accused guilty as principals: Clark's Crim. Law, 89, 90; Penal Code, §§ 47, 49; 4 *Ga.* 465. As to intent: 34 N. J. L. (5 Vroom) 410; 86 N. C. 603.

*William Brunson, solicitor-general,* contra, cited, as to variance: 94 *Ga.* 395; 64 N. C. 127. As to venue: 14 *Ga.* 422; 64 *Ga.* 203; 105 *Ga.* 743. As to intent: Penal Code, § 32; 68 *Ga.* 785.

LEWIS, J. The accused were indicted under the Penal Code, § 186, for stealing "three bales of cotton, each weighing five hundred pounds, of the value of thirty-six dollars." They were tried together, and found guilty; whereupon they made a motion for a new trial, which was overruled, and they excepted.

1. One witness testified: "Two of the bales weighed something over 500 pounds, and I don't think one weighed 500. I weighed the cotton." Another swore: "Each bale weighed about 500 pounds." This was the only evidence introduced to show the weight of the bales alleged to have been stolen. Counsel for the accused requested the court to charge as follows: "The indictment alleges that each bale of cotton weighed 500 pounds. If the evidence shows that the bales of cotton weighed more or less than 500 pounds each, then the jury is authorized to find the defendants not guilty." The refusal by the court to give this charge is assigned as error. Granting, as contended by counsel for the accused, that the weight of each bale as alleged in the indictment was matter of description of the property charged to have been stolen, it was nevertheless a needlessly minute description, which it was not necessary to incorporate in the indictment at all. The allegations of the indictment as to the weight of the bales, while not proved with exactness as laid, were established with substantial accuracy. It has been held by this court in the case of *Nightengale* v. *State*, 94 *Ga.*

395, that : "Although a needlessly minute or comprehensive description must be proved as alleged, the superfluous elements need not be established with the same degree of certainty as is requisite touching the essentials of the case." The language quoted is entirely applicable to the case now before us, and it is therefore our opinion that the court below did not err in refusing to charge as requested.

2, 3. It appears that three bales of cotton were stolen from the prosecutor in Monroe county, and were carried to Macon in Bibb county.. The theory of the defense was that Tom and Garfield Green, the accused persons, were hired by another person to remove the cotton for him, under the representation that the cotton belonged to him; that they, honestly believing that these representations were true, helped to haul the cotton from the prosecutor's home in Monroe county to Macon; and that they did not discover the fraud practiced upon them until after their arrest. According to the statements of both of the Greens, which were materially the same, just before reaching Macon they were informed by their employer that the cotton had been stolen; and while they warned their informant that they did not intend to shield him if the cotton were in fact stolen, they nevertheless continued to assist him in carrying it to Macon. The statute declares that where property is stolen in one county and removed to another county, the law presumes the larceny to have been committed in each county, and makes it punishable in either. Penal Code, § 155. It is equally true that if, after having innocently embarked in the enterprise, the accused persons came into possession of facts sufficient to put them on notice that the property being removed had been stolen, and they nevertheless continued to assist in the original design to carry it to Macon, their act in moving the cotton after acquiring this knowledge constituted an original larceny on their part, and the jury were authorized to find them guilty as principals. It was therefore not error for the court to give to the jury instructions embodying these principles. The evidence was sufficient to warrant the jury in finding the accused guilty, and we will not interfere with the discretion of the trial judge in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*