## No. 10,002.

### MOELLER ET AL. v. THE PEOPLE.

Decided June 6, 1921.

·Plaintiffs in error were convicted of robbery and assault.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Harmless Error.* In a criminal case, rulings concerning the refusal or admission of evidence, which are not prejudicial to the rights of the defendant will not constitute assignable error.

2. CRIMINAL LAW—*Admissions of Defendant.* The admission in evidence of testimony to the effect that defendant affirmed some parts of written confessions of his co-defendants to be true, held proper in the case under consideration.

3. *Recalling Witness for Cross Examination—Discretion.* The recalling of a witness for further cross examination is discretionary with the court and error is not assignable upon the refusal to allow such recall and cross examination.

4. *Instructions.* An instruction relating to the responsibility of all the defendants for the act of one, reviewed and held not

prejudicial to the rights of defendants under the facts disclosed by the record.

5.      *Accomplices.* All companions are guilty of what grows naturally and proximately out of a common unlawful purpose.

6. APPEAL AND ERROR—*Instructions.* It is not error to refuse an instruction correct in principle, but inapplicable to the case on trial.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. CLARENCE R. ANDERSON, Mr. THOMAS WARD, JR., for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES H. SHERRICK, assistant, for the people.

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error move for a supersedeas.

They were convicted on similar informations,—each information contained two counts, first robbery with a deadly weapon and second, assault with intent to murder. Their cases were tried as one. They were convicted on both counts; of robbery without a deadly weapon and assault to do great bodily harm, and were sentenced to not less than four years.

The crime grew out of the Tramway strike in 1920. The plaintiffs in error were of a party of six strikers who robbed a street car conductor at Fairmount cemetery, beat him and the motorman into unconsciousness, then started the car and left it to run unattended with the unconscious men.

The first error assigned is that certain witnesses were, in rebuttal, allowed to testify to the condition of the street car 50 or 60 minutes after the assault. It is charged that this should have been a part of the people's main case. We think its admission was discretionary and so not assignable as error; but, however that may be, it went only to prove intent to murder, and the prisoners were not

found guilty of such intent, the error, therefore, if there was error, did no harm.

Second. It is claimed that the court erroneously denied to the defendants the privilege of sur-rebutting this rebuttal testimony, but, for the reason stated above, the error, if there was any, was not prejudicial.

Third. Two of the party of six made confessions or written statements. These statements were read to defendants by the Denver Chief of Police, they were asked if they were true and affirmed some parts of them. The Chief was examined as a witness and when he had stated these things and what was said, the court admitted in evidence those portions of the documents which the defendants had affirmed. This is assigned as error.

It was clearly proper. The whole thing amounted to no more than testimony that defendants said that certain things were true.

Fourth. The people's witness Herman was recalled for further cross examination which was not allowed. This was in the court's discretion. Wig. §§ 1898 and 1900.

Fifth. The court gave instruction 19 as follows:

"You are instructed that where a party of men combine to do an unlawful act and in the prosecution of that unlawful act one of the party goes a step beyond the others and does acts which the balance do not themselves perform, all are responsible for what the one does. And in this case if you believe from the evidence, beyond a reasonable doubt, that McKie, Graham, Herman, Hutchinson, and Moeller agreed or consented to go out and assault or unlawfully molest other men, which in law is an unlawful act, and you further believe from the evidence beyond a reasonable doubt that they did so do and in so doing any one of them committed the crime or crimes alleged in the information, in the prosecution of the agreement to do the unlawful act, you should find the defendants guilty of the crime committed."

This, in effect, tells the jury that if the defendants went out with the rest of the party merely to molest the crews

of the street-cars, with no purpose to rob, and one or more of the others robbed the conductor, the defendants are guilty of robbery.

This, stated as a general proposition, is incorrect, but in the present case the only molestation in evidence, and the molestation shown by the circumstances of the inception of the enterprise to have been intended, (including among those circumstances the fact, of which we must take judicial notice, that other riotous violence had been perpetrated upon cars and crews in the strike then in progress) and the only molestation other than robbery which the criminal party showed by their conduct to have been intended, and therefore the only molestation which the jury could have understood the court to mean, was that of riotous violence and battery, and it is true that if they all went out intending such molestation and one or more in the course thereof committed robbery they were all guilty of robbery, because robbery is a natural and proximate outcome of an enterprise of riot and battery under circumstances like the present, and frequently accompanies it, as in this case. All companions are guilty of what grows naturally and proximately out of a common unlawful purpose. *Martin v. State,* 89 Ala. 115, 120, 8 South. 23, 18 Am. St. Rep. 91. See 1 Hale, P. C. 441, Ashton's Case, 12 Mod. 256, 16 C. J., 128, N. 70.

But this instruction even if erroneous was not prejudicial. The plaintiffs in error were guilty of robbery on their own testimony regardless of whether their original intent was to commit the crime. It appears from their own statements on the witness stand that they went in an automobile with others to Fairmount Cemetery, the end of the car line, after meeting at Moeller's rooms for that purpose, and aided and assisted in taking possession of the car and control of the crew or stood by for that purpose, and that then, after they saw the others of the party robbing the conductor, they continued to stand by aiding and abetting as before, and that they did not repudiate

or leave them but aided them in their further unlawful acts.

One who assists in larceny, honestly believing that the stolen goods are the property of his employer, the principal, and who afterwards learns the contrary but continues to assist in their removal is guilty as a principal. *Green v. State,* 114 Ga. 918, 41 S. E. 55. So these defendants, even if they went out merely unlawfully to molest in a trifling way, when they saw that the purpose of their companions was to rob and continued to assist them, were guilty as principals.

An instruction on another feature of the case cannot be prejudicial under such evidence.

It was held in North Carolina that neither the erroneous rejection of evidence nor an erroneous instruction were reversible error where there was no aspect of the case that would justify a verdict of guilty of a lesser crime than the one of which the prisoner was convicted. *State v. White,* 138 N. C. 704, 714-16, 51 S. E. 44.

The principle has been applied in this state in the case of misconduct by the district attorney. *Hillen v. People,* 59 Colo. 280, 284, 149 Pac. 250.

It might be dangerous to admit this rule in the case of rejection of evidence as to the very matters which prove or disprove guilt, or in the case of an instruction relative to the very facts which are regarded as proof of guilt, but here we have proof from the prisoners' own mouths of their guilt on one theory, viz., their continued participation with the robbers, and an erroneous instruction (conceding that it was erroneous) as to their possible guilt on another ground, viz., their joinder in an original plan in which others committed the actual robbery.

It would be a travesty of justice to reverse the case on such a ground.

A request for an instruction upon caution as to the evidence of an accomplice was refused. The instruction was correct but inapplicable in this case because the accomplice was corroborated.

There is a motion to supplement the bill of exceptions, which is granted. The supersedeas is denied and the judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.