153 So. 209

## NATIONAL LIFE & ACCIDENT INS. CO. v. FAULK.

### 1 Div. 811.

Supreme Court of Alabama.
March 1, 1934.

Alex C. Birch and J. E. Meredith, both of Mobile, for appellant.

Alex T. Howard, of Mobile, for appellee.

KNIGHT, Justice.

At the conclusion of the evidence in the court below, the defendant requested, in its behalf, the general affirmative instruction. This charge having been refused by the court, and the jury having returned a verdict in favor of the plaintiff, the defendant made motion for a new trial, which was likewise refused.

The only ground here argued for error, in the overruling of defendant's motion for new trial, was that the verdict of the jury was contrary to the great weight of the evidence.

The suit was upon a policy of insurance whereby the National Life & Accident Insurance Company insured Claude C. Faulk, the appellee, against bodily injury. The plaintiff alleged in his complaint that, while the policy was in full force and effect, certain persons assaulted, beat, and robbed him; and, as a proximate result of such beating, he (plaintiff) was caused to suffer the damages catalogued in his complaint.

The policy sued upon, in section P, provided: "This policy does not cover: * * * (5) injuries, fatal or non-fatal, intentionally inflicted upon the insured by himself or by any other person except by burglars or robbers."

This provision of the policy contract was pleaded by the defendant. In its said plea, it was averred that the injuries complained of in the plaintiff's complaint, and for which insurance benefits were claimed, were intentionally inflicted upon the insured by "other person or persons and such other person or persons were not burglars or robbers."

We have carefully read and considered the evidence upon which the case was tried. The testimony leaves no room to doubt that a robbery was, in fact, committed on the occasion that the plaintiff and his associate officer were assaulted and beaten; that the guns of the officers, and a ring belonging to one of them, were feloniously taken from their person, or in their presence, by force, by the assaulting parties; and the evidence is convincing to us that the man Hutton, who was afterwards found in the possession of plaintiff's pistol, was not only guilty of participation in the assault, but that he also took part in the robbery. The fact that the said Hutton not only carried the pistol away from the scene of the assault, but that he concealed it in a trunk, beneath some clothing, were circumstances that the jury were entitled to consider in arriving at a conclusion as to whether the assailants were robbers within the meaning of the quoted provision of the policy contract, and whether or not the assault was accompanied with acts of robbery. Kennedy v. State, 208 Ala. 66, 93 So. 822; Jones v. State, 174 Ala. 53, 57 So. 31; Moeller et al. v. People, 70 Colo. 223, 199 P. 414.

Under the evidence the defendant was not entitled to the general affirmative charge as requested by it.

The trial court overruled defendant's motion for a new trial, and, as to this ruling, we are in accord.

Finding no reversible error in the record it follows that the judgment of the circuit court is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.