## 49255. CAGLE v. THE STATE.

PANNELL, Presiding Judge.

During the night of July 10, 1972, a 1971 blue and white "pick-up" truck was stolen in Atlanta, Georgia. A similar vehicle, red in color, was noted parked in the carport of a private residence in Cherokee County shortly before noon on July 13, 1972. The owner of the residence returned about 5:30 p.m. that day and found a red "pick-up" truck in the carport with the motor running and her personal property in the bed of the truck. Taking the key from the truck's ignition, she went to a neighbor's house and called the sheriff's office. The truck was impounded and on July 14, 1972, state investigators lifted fingerprints from a wind vent, which prints were later discovered to be those of the defendant. No prints were found in the residence. The truck was found to have been painted over the original coat with red spray paint, to have had the ignition changed, and to carry a license plate stolen earlier in Cobb County. Defendant was

arrested by Atlanta authorities on September 12, 1972. On September 28, with counsel present, the defendant agreed to take a lie detector test and later that day, with counsel present, made a statement denying participation in the burglary and in the theft of the vehicle, but admitting to spray painting the truck and changing the ignition switch for another person while in Florida. At trial, the defendant essentially reiterated this in his unsworn statement.

Defendant was indicted for burglary in one case and for the theft of a motor vehicle and, under a recidivist statute, for a prior conviction of a motor vehicle theft. At trial, the court, over objection, admitted the results of a polygraph test and, although sustaining an objection to the admission of evidence of a prior conviction, in the charge to the jury disclosed the prior conviction by reading that portion of the indictment. The defendant was acquitted of the burglary and convicted of the theft of the motor vehicle. He was sentenced to six years in prison. A motion for a new trial, as amended, was denied following argument and this appeal followed. *Held:*

1. Defendant complains that the trial court lacked jurisdiction because the theft of the truck was in Fulton County and exclusive jurisdiction was vested in that county. The state, disputing that contention, relies on *Green v. State,* 114 Ga. 918 (41 SE 55); and, on *Morton v. State,* 118 Ga. 306 (45 SE 395). The defendant's contention does not comport with the law of Georgia. The state's reliance on *Green* and *Morton,* id. also is misplaced, for those opinions were based on Penal Code § 155, which was repealed by Title 26, Chapter 26 of the Code of Georgia, 1933, as amended, and that, in turn, was repealed by Section 2 of the Act of 1968 (Ga. L. 1968, pp. 1249, 1337, 1338; Criminal Code of Georgia). Code § 26-1811 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842) respecting venue reads in pertinent part: "In a prosecution under Sections 26-1802 . . . the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was subject of the theft." We are convinced that there was evidence of record for the jury to find that the defendant had exercised control over the stolen vehicle in Cherokee County and that

jurisdiction was vested in the trial court.

2. Defendant enumerates that the trial court erred in admitting into evidence, over objection, the results of a lie detector examination conducted on the defendant with the consent of defendant and his counsel. We agree. Neither an agreement to take a polygraph, nor the taking of one, constitutes a waiver of a right to object to the admission of its results into evidence, absent an express stipulation of the parties as to its admissibility. Under Georgia law the results of a lie detector, favorable or unfavorable to an accused, are not admissible in evidence. See *Salisbury v. State,* 221 Ga. 718 (4) (146 SE2d 776); *Wallace v. Moss,* 121 Ga. App. 366 (174 SE2d 196). In the instant case the examiner was permitted to testify that he received lying reactions from the defendant. This inadmissible evidence impeached the defendant, whose sole defense was alibi. It cannot be said that prejudice to the defendant is absent. The motion for a new trial should have been granted.

3. In the event a new trial is held, we consider it appropriate to invite the trial court's attention to the recent opinion of the Supreme Court of Georgia in *Riggins v. Stynchcombe,* 231 Ga. 589, 593 (203 SE2d 208), which reads as follows: "Under our two-step procedure one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase of the trial and may only be disclosed after conviction at the second phase of the trial."

*Judgment reversed. Eberhardt, P. J., and Quillian, J., concur.*

Argued April 5, 1974 — Decided June 27, 1974.

*Smith B. West, Robert E. Bach,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III,* for appellee.