## 27524. PONDER v. THE STATE.

UNDERCOFLER, Justice. Willie Ponder, Jr. was convicted and sentenced for rape and sodomy. The appeal is from this judgment. *Held:*

1. The appellant contends that the trial court erred in denying his motion for new trial on the general grounds and refusing to direct a verdict of not guilty. There was no error. The victim's testimony of the crimes and identification of the defendant supported by an immediate outcry, report to the police, hospital treatment and other evidence was sufficient to support the verdict. *McGill v. State,* 226 Ga. 802 (2) (177 SE2d 675).

2. The trial court did not err in recharging the jury, "Now, it is the law of Georgia that a unanimous verdict is required, and while this verdict must be the conclusion of each juror and not a mere acquiescence of the jurors in order to reach an agreement, it is still necessary for all jurors to examine the issues and questions submitted to them with candor and fairness and a proper regard for indifference to the opinion of each other. A proper regard for the judgment of others usually will aid a jury, aid all of us, I should say, in forming our own judgments. Now, this case must be decided by some jury selected in the same manner as this jury was selected and there is no

reason to think that a jury better qualified than you would ever be chosen. Now, each juror should then listen to the arguments of other jurors with care and if the members of the jury differ in their views of the evidence and there are differences of opinion, this should cause all of them to scrutinize the evidence more closely and to re-examine the grounds for their opinion. Now, your duty is to decide the issues of fact which have been submitted to you, if you can conscientiously do so. In conferring again and reconsidering the matter, you should lay aside any mere pride of opinion or should bear in mind that the jury room is not a place for espousing and maintaining in a spirit of controversy either side of the cause. You should bear in mind that as jurors you should not be advocates for either side. The aim ever is to keep in view the truth as it appears from the evidence and as you find it to be and you should then examine the evidence in light of these instructions, but I charge you emphatically and specifically that this is not to say that you should surrender your conscientious convictions." *Yancy v. State,* 173 Ga. 685, 689 (160 SE 867); *Hyde v. State,* 196 Ga. 475 (8) (26 SE2d 744); *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605).

*Judgment affirmed. All the Justices concur.*
SUBMITTED OCTOBER 11, 1972—DECIDED NOVEMBER 9, 1972.

*Johnson, Vaid & Bostic, Harris C. Bostic,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, John A. Schupp, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Franklin M. Palmour, Deputy Assistant Attorney General,* for appellee.