## 48693. BENNETT v. THE STATE.

BELL, Chief Judge. The defendant was indicted in a 5-count indictment charging illegal drug violations. He was convicted and sentenced on Counts 1, 2, and 3. Count 1 charged that on June 22, 1972 defendant "did possess, have under his control and sell" cocaine; Count 2 charged that defendant on June 26, 1972 "did possess, have under his control and sell" cocaine; and Count 3 charged that defendant on June 22, 1972 did possess, have under his control and sell lysergic acid diethylamide (LSD)." *Held:*

1. During his opening statement to the jury the district attorney stated that the defendant had pled guilty. An objection was made. The court then instructed the jury that the district attorney had made a "slip of the tongue"; that the defendant had pled not guilty to all charges; and that the jurors were charged to dismiss the remark with reference to pleading guilty from

their minds. The district attorney made an apology for his improper remark to the court and defense counsel. There was no abuse of discretion by the trial judge in denying the motion for mistrial. *Campbell v. State,* 81 Ga. App. 834 (2) (60 SE2d 169).

2. The evidence did not authorize a charge on entrapment. Code Ann. § 26-905.

3. In the absence of a timely written request, it is not error to fail to charge the law of impeachment where a witness makes contradictory statements. *Bonaparte v. State,* 223 Ga. 648 (157 SE2d 272).

4. There was no error by the trial court in failing to instruct the jury that it could not find the defendant guilty on both Counts 1 and 3. The sale of cocaine and the sale of LSD are separate offenses and neither is included within the other. Selling cocaine and selling LSD are two distinct and separate crimes in violation of two separate Code sections which prohibit the sale of two different drugs. See Code Ann. §§ 79A-803 and 79A-9916. Conviction and sentence on both Counts 1 and 3 were authorized. Code Ann. § 26-506.

5. The court charged that the jury would be authorized to convict if it found beyond a reasonable doubt that on or about the date alleged in each count "or within four years prior to the return of this indictment" that the defendant committed the crimes charged in each respective count of the indictment. This was error insofar as it relates to Counts 1 and 2 as in each it was alleged that dates of commission were material averments. Allegations of materiality of the dates limits the proof to the dates alleged and none other and proof that the offenses were committed on any other day within the four year period of limitation would not authorize a verdict of guilty. *Martin v. State,* 73 Ga. App. 573 (37 SE2d 411). However, the error was harmless as the state limited its proof of the sales of cocaine to the respective dates alleged. There was no evidence to the contrary. Thus the evidence as to this element of the crime was undisputed and the jury could not have been misled or confused to the harm of defendant. *Pyland v. State,* 191 Ga. 587 (3) (13 SE2d 380).

6. The evidence authorized the verdict.

7. All other enumerations have no merit.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED OCTOBER 2, 1973 — DECIDED DECEMBER 5, 1973 —
REHEARING DENIED DECEMBER 19, 1973 —

*Gilbert, Wilkerson & Hill, Fred A. Gilbert,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Leonard W. Rhodes,* for appellee.