## 49192. RUSSELL et al. v. THE STATE.

PANNELL, Judge.

Based on an informant's information relayed by Army criminal investigators, a joint surveillance was conducted of a house trailer rented by a Richard Diaz and a David Coomer in Grovetown, Georgia. During four days of surveillance, a Mr. Alex Shumaker observed two cars frequently parked near the trailer and observed "hippie types" were frequent visitors during evening hours. The categorization was applied by Mr. Shumaker because the visitors wore casual attire. On August 15, 1973, the

informant exited from the trailer and told Mr. Shumaker that the occupants had "marijuana, LSD and THC." Mr. Shumaker obtained a warrant and, together with Army representatives, entered the trailer. The occupants were searched to no avail. They appeared intoxicated. Beer and wine were present. The trailer living room area had an odor of marijuana. A search of the living room area led to the discovery of a small plastic bag subsequently found to contain marijuana. The searching officers seized a screwdriver, a cup and a motorcycle piston containing a residue, which were described by Mr. Shumaker as "roach holders." The residue was not disclosed to be that of marijuana. The guests denied knowledge of either the presence of marijuana or its use. They had assembled that evening to celebrate the wedding of appellant DeVore earlier in the afternoon and were drinking and playing guitars. All present were arrested and jailed.

On October 17, 1973, all defendants with the exception of David Coomer, who pled guilty, entered pleas of not guilty and waived trial by jury. The trial judge found the defendants guilty and set sentencing for October 17, 1973. On that date, under Ga. L. 1971, pp. 271, 272 (Code § 79A-9917), the five defendants were placed on probation for twelve months, but only DeVore and Russell have appealed. *Held:*

1. Appellants enumerate that the trial court erred in finding them guilty because of the insufficiency of the evidence. Code § 38-109 provides that "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of guilt of the accused." An examination of the facts, supra, discloses that appellants were present as guests when marijuana was discovered behind a couch. Mere presence of one where a crime is committed, without more, will not support a conviction. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654). In *Harper v. State,* 85 Ga. App. 252, 255 (69 SE2d 102) it was held that even the presumption of law that whiskey found in the house belongs to the head of the house is not sufficient to support a verdict of guilty, where the defendant's

occupancy of the premises is maintained by him and his family jointly with others. See also, *Brown v. State,* 94 Ga. App. 542 (95 SE2d 302) where the "equal opportunity" situation brought a reversal to satisfy the Code section Id. There may have existed unexplained and suspicious circumstances, but they are not sufficient to convict. *Mach v. State,* 109 Ga. App. 154, 161 (135 SE2d 467); *Hodges v. State,* 103 Ga. App. 284 (118 SE2d 858).

2. The remaining enumerations are mooted by our decision.

*Judgment reversed. Evans and Webb, JJ., concur.*

ARGUED APRIL 4, 1974 — DECIDED MAY 30, 1974.

*Marchman, Cueto & Henderson, Charles Marchman, Jr., Anthony R. Cueto, David E. Henderson,* for appellants.

*Richard E. Allen, District Attorney, J. Bacheller Flythe,* for appellee.