## 28895. SPAULDING v. THE STATE.

UNDERCOFLER, Justice.

Noble Atlas Spaulding was convicted of armed robbery and aggravated assault. He was sentenced to serve 15 years and five years imprisonment respectively to run concurrently. He appeals from these convictions. *Held:*

1. The evidence shows that on the morning of March 13, 1973, the victim of the robbery and her two children were at their apartment alone at 8:00 a.m. when she heard a knock at the door; when she responded she saw the appellant and his male companion walking down the steps. About 8:45 a.m. she heard a crash at the door and the appellant and his companion entered her apartment through the doorway which they had broken open; the appellant had a revolver in his hand which he held on her while his companion looked for valuables in the apartment; the companion then held a revolver on the victim while the appellant ransacked the house; the appellant had a can of Schlitz beer in his other hand which he left in the apartment; the robbers took several items of clothing, $103 cash, a radio and tape recorder which were worth about $700, and left the apartment in a beige Volkswagen car with a scratch or oil on the front side of it. The victim called the police and her husband who was at work. The victim's husband took the victim and the children to her sister's home after the police had gone. About 10:30 a.m. that morning while they were at her sister's home the victim saw a Volkswagen which she thought was the one used in the robbery and which she thought was occupied by the persons who robbed her. The victim, her husband and brother-in-law followed the Volkswagen and its occupants. When their car approached the Volkswagen, the victim identified the occupants as the robbers. They blocked the Volkswagen and got out of their car. The appellant was seated in the driver's seat and when the victim's husband asked him to return their property, the robbers fired at them. They returned the shots and the robbers fled into the woods.

The husband of the victim then turned off the motor of the Volkswagen. They found their tape recorder in the Volkswagen. A wallet and address book was also found in the vehicle.

The fingerprints of the appellant were found on the can of beer which had been left in the victim's apartment by the appellant.

The appellant testified that his Volkswagen was stolen on the day of the robbery, March 13, 1973, about 8:00 a.m., that the car keys were in it, that he had never seen the wallet or the address book which had been found in his car; that the wallet and address book both contained his telephone number and that of his girl friend; that he was at the home of his girl friend from 8:00 a.m. that day until 10:00 a.m. when he left to play football; and that he injured his hand playing football. The appellant reported on March 14, 1973, to the police that his car had been stolen the previous day.

The evidence was sufficient to support the verdict and the motion for new trial based on the general grounds is without merit.

2. When the appellant was at the police station reporting the theft of his automobile, the victim was called to the station and identified him as one of the perpetrators of the robbery. The appellant contends that his constitutional rights were denied him in the identification procedure. We do not agree. The identification at the station was made by the victim before the appellant was indicted or even arrested. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411).

The evidence also shows that the in-court identification of the appellant had an origin independent of the complained of identification confrontation. *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73).

3. The appellant contends that he is 21 years of age and is entitled to be tried by a jury composed of his peers. He contends his age group was not represented on the jury. There is no merit in this contention.

The fact that no one 21 years of age was on the jury, standing alone, does not prove that there were no jurors of that age in the jury box; nor does it show a deliberate exclusion of such persons from jury service. No evidence

was offered to prove the jury list was not a fairly representative cross section of the intelligent and upright citizens of the county. *Treadwell v. State,* 129 Ga. App. 573 (1) (200 SE2d 323); Code Ann. § 59-106 (Ga. L. 1953, Nov. Sess., pp. 284, 285; 1955, p. 247; 1967, p. 251; 1968, p. 533; 1973, pp. 484, 485).

4. The appellant contends that the trial court erred in recharging the jury, "Mr. Foreman and ladies and gentlemen, you have now been deliberating on this case for a considerable period of time, and the court deems it proper to advise you further in regard to the desirability of agreement, if possible. The case has been exhaustively and carefully tried by both sides and has been submitted to you for decision and verdict, if possible, and not for disagreement. It is the law that a unanimous verdict is required and while this verdict must be the conclusion of each juror and not a mere acquiescence of the jurors in order to reach an agreement, it is still necessary for all of the jurors to examine the issues and questions submitted to them with candor and fairness and with a proper regard for, and deference to, the opinion of each other. A proper regard for the judgment of others will greatly aid us in forming our own judgment. This case must be decided by some jury selected in the same manner this jury was selected, and there is no reason to think a jury better qualified than you would ever be chosen. Each juror should listen to the arguments of the other jurors with a disposition to be convinced by them; and if the members of the jury differ in their views of the evidence, such difference of opinion should cause them all to scrutinize the evidence more closely and to re-examine the grounds of their opinion. Your duty is to decide the issues of fact which have been submitted to you if you can conscientiously do so. In conferring you should lay aside all mere pride of opinion and should bear in mind that the jury room is no place for espousing and maintaining, in a spirit of controversy, either side of a cause. You should ever bear in mind that as jurors you should not be advocates for either side. The aim ever to be kept in view is the truth as it appears from the evidence, examined in the light of the instructions of the court."

The appellant contends that this instruction to the jury destroyed his right to a fair and impartial jury in violation of the Sixth and Fourteenth Amendments of the Federal Constitution (Code §§ 1-806, 1-815) because it was calculated to unduly impress and influence the jury to reach a verdict without sufficient time for deliberation and determination of the issues on these felony charges; that it destroyed his rights to have his case decided by an impartial jury in that it was an unnecessary invasion into the jury's deliberation where no reason appeared for it except to urge the jury to arrive at a quick verdict without proper consideration for the individual opinions of the separate jurors; that the recharge implied that the jury had not made an examination of "issues and nature" called for; that the deliberation, opinions and judgments of the individual jurors who were in the minority were inaccurate, and that the issues and questions should be re-examined and a different judgment formed in conformity with the majority; and that the recharge had the effect of discouraging each individual juror from having, maintaining, and expressing his own opinion and tended to cause him to yield it to that of others which prevented free and conscientious deliberation by individual jurors.

The recharge of the court in this case did not violate the appellant's constitutional rights under the Sixth and Fourteenth Amendments of the Federal Constitution. For a detailed analysis of this charge, see *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78); *Yancy v. State,* 173 Ga. 685, 689 (160 SE 867); *Hyde v. State,* 196 Ga. 475 (8) (26 SE2d 744); *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 17, 1974 — DECIDED JUNE 18, 1974.

*Johnson & Bostic, Harris C. Bostic,* for appellant.
*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.