52080. GREESON et al. v. THE STATE.

EVANS, Judge.

Defendants were indicted and convicted of a violation of the Georgia Controlled Substances Act in the possession and sale of marijuana. Both were sentenced to serve 5 years. A motion for new trial was filed and denied. Defendants appeal. *Held:*

1. When this case was called in the presence of the jury panel, the district attorney announced that there are a number of pending cases against these defendants, but he only wanted to call the marijuana case. Whereupon defense counsel moved that all the panel be stricken

inasmuch as the district attorney had informed the jury of certain criminal allegations against these defendants, thereby putting their character in issue. The motion was overruled. A jury was then selected from what defense counsel contends was a "tainted" panel. This court does not condone this practice and the district attorney was out of order and should never have referred to the fact that he had a number of pending cases against the defendants, but only wanted to call the marijuana case. The trial court itself should have rebuked the district attorney and by all needful and proper instruction to the jury endeavored to remove the improper impression from their minds. It is possible that all the members of the jury may not have heard the statement or have understood the statement so as to create such harmful error that a fair and impartial trial could not be attained. Under Code § 81-1009 it is the trial judge's duty to see that improper remarks are not allowed and that the harmful impression created by such remarks be removed from the jurors' minds. Still, as we are granting a new trial on other grounds, we will not grant one here, but leave this matter with our lack of approval of the way this part of the preliminary proceedings was conducted, and with the expectation that they will not be repeated at the next trial.

2. Counsel for the defendant urges in his second enumeration of error that the court erred in failing to charge the law relating to impeachment of witnesses, since several of the state's witnesses were contradicted in important specifics, but there was no written request for such a charge. It was not error to fail to charge the law with respect to contradictory evidence or with respect to impeachment of witnesses where no timely written request therefor was made. See *Bonaparte v. State,* 223 Ga. 648 (1) (157 SE2d 272); *Bennett v. State,* 130 Ga. App. 510, 511 (3) (203 SE2d 755).

3. The third enumeration of error complains of the trial court's charge of the so-called "Allen" charge after the jury had deliberated for a little over two hours without reaching a verdict. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 526), which is referred to as "the outermost limits" of permissible instruction when a jury is unable to reach a verdict. Defense lawyers call this the

"dynamite charge to dislodge a log jam" where the jury is less than unanimous in its deliberations. Here the trial court erred in failing to include the proper cautionary words in giving such a charge, that is, that no juror is required to surrender his or her opinion because of the honest different opinion with another juror or other jurors, for the purpose of reaching a unanimous verdict. *Gaddy v. Harmon,* 191 Ga. 563, 564 (13 SE2d 357); also see *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78). Here the court also failed to properly instruct the jury emphatically or specifically that they should not surrender their conscientious convictions.

Counsel for the state contends that in the re-charge, the court referred to "agreement if possible," thus emphasizing that no jury should give up an honestly-held opinion. But this language does not measure up to that required by the Allen charge. Counsel for the state contends that part of the charge was approved in *Stone v. State,* 132 Ga. App. 703, 707 (c) (209 SE2d 121). Also see *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605) as to coercion of an agreement and verdict requiring the surrender of conscientious convictions by individual jurors; and *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43). We do not find a cautionary instruction that it is the law that a unanimous verdict is required, and this verdict must be the conclusion of each juror and not a mere acquiescence of the jurors in order to reach an agreement if they can conscientiously do so. The erroneous instruction here requires a reversal in this instance.

4. The sole ground of conviction of defendant Chastain when the state agent requested the defendant Timms to see if she could arrange for him to buy some marijuana shows that the arrangement was made with the defendant Greeson. Defendant Chastain was driving the car when the defendant Greeson arrived with the marijuana on his person. The mere presence at a scene of the crime is insufficient to constitute the commission of a crime. See *Brewer v. State,* 129 Ga. App. 118, 120 (199 SE2d 109); *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654); *Russell v. State,* 132 Ga. App. 35 (207 SE2d 619).

But the state contends that part of the sale was delivery of the goods to the buyer, taking the position that

the driver of the automobile who transported defendant Greeson was aiding and abetting in the criminal activity. But 1.6 ozs. of marijuana is entirely different from that of a "wheelman in a bank robbery" which counsel for the state uses as an example. The court erred in refusing to direct the verdict in favor of the defendant Chastain.

*Judgment reversed. Pannell, P. J., concurs in the judgment only and Marshall, J., concurs specially.*

ARGUED APRIL 8, 1976 — DECIDED APRIL 28, 1976 — REHEARING DENIED MAY 10, 1976 — 

*Garland, Nuckolls & Kadish, John A. Nuckolls,* for appellants.

*David N. Vaughan, Jr., District Attorney,* for appellee.

MARSHALL, Judge, concurring specially.

I concur in Division 4 on the ground that the circumstantial evidence of Chastain's guilty knowledge or scienter, is insufficient under Code § 38-109 to exclude every reasonable hypothesis save that of his guilt. See *Russell v. State,* 132 Ga. App. 35 (207 SE2d 619); *Jones v. State,* 127 Ga. App. 137 (6) (193 SE2d 38).