## 52716. BROWN v. THE STATE.

SMITH, Judge.

Bobby Lee Brown was indicted for the offense of murder and upon his trial in the Superior Court of Dougherty County, he was convicted for the offense of voluntary manslaughter. His motion for new trial on the general grounds and several special grounds was overruled and he appealed to this court.

The killing occurred on the porch of a duplex apartment building occupied downstairs by the appellant and upstairs by the deceased, Virgil Taylor. The affair, resulting in the death of the deceased at the hands of the defendant, appellant, started in the upstairs apartment of Taylor where there was a card game going on with some playing cards and with some onlookers; both the defendant and Taylor were present. During the early afternoon an argument got started about who had won in a particular game and there was an argument between the deceased and the defendant. The deceased and one Willie T. Jones then got into a scuffle and the defendant helped break this up, and then when the scuffle was broken up, the deceased told everybody to get out. Those that left had gotten down to the porch when the deceased came down with a stick in his hand which he had apparently broken off of a chair and was chasing Willie T. Jones around and chased him to the street outside. During that time, the defendant was on the porch between the doors, one of which went into the defendant's apartment,

and one of which opened to the stairs leading to the deceased's apartment. The defendant told Jones to come on the porch. The deceased came back to the porch and still had the stick in his hand. There was a dispute in the evidence as to whether the deceased was carrying the stick down or holding it up and when the deceased came up the steps he told the appellant not to come to his apartment any more and the defendant asked him what he said and he repeated it at which time the defendant pulled out a gun and shot the deceased. Only one shot was fired. The deceased called to them that he was shot and to call a doctor and said don't shoot me any more. The deceased was apparently standing about his door when shot and there was evidence that he had gotten inside as there was blood on the floor. There were various discrepancies in the evidence, some of the evidence indicating by position of the parties and the attitude of the stick the deceased was offering a threat of physical harm to the defendant and was warned by defendant not to come any closer. Other evidence indicated the deceased was merely trying to enter the door to his apartment next to which defendant was standing. *Held:*

1. Voluntary manslaughter is defined in Code § 26-1102 as follows: "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irrestible [sic] passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder." It is our opinion that the jury was authorized to find that the facts necessary for the killing to constitute voluntary manslaughter existed under the evidence in the present case. We conclude therefore that the evidence was sufficient to authorize the verdict and that there was no error in charging on voluntary manslaughter.

2. Error is enumerated on the trial court's "refusing

to allow the defendant the opportunity to introduce evidence as to the deceased's propensity for violence, even for a particular type of violence, to-wit: striking people with sticks." The record of what occurred as appearing in the transcript failing to disclose such an attempt was made and overruled presents no question for decision by this court.

3. The trial judge gave the following charge: "Ladies and gentlemen, you have heard the evidence in this case. Some jury in Dougherty will ultimately have to make a decision of this case. You are as fine a group of Dougherty County people as I have ever seen. You are highly intelligent and you have heard all the evidence and arguments, and the charge, and I hope that you will take the opportunity as you go to your jury room to reason together, and to try to make a verdict which you think will speak the truth. You are not responsible for the consequences of your verdict, but you are responsible for the truthfulness of it. Now go to your room and reason together, and make an effort to make a verdict which you think will speak the truth." It is contended by the appellant that this charge and duty pressured the jury to return a verdict. We do not agree. See in this connection *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43).

4. Error is enumerated on the ground the trial judge erred in not charging on involuntary manslaughter, once the charge on voluntary manslaughter was given. This enumeration presents no ground of error. We know of no rule that requires a charge on involuntary manslaughter merely because a charge on voluntary manslaughter has been given; further, failure to charge on a lesser offense, though authorized by the evidence, is not error in the absence of a request. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

Submitted September 9, 1976 — Decided October 13, 1976.

*D. Lamar Stewart, Jr.,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind,*

*Assistant District Attorney,* for appellee.