## 53641. STILL v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for murder in the killing of another by shooting him with a certain pistol. He was convicted of voluntary manslaughter and sentenced to serve a term of 10 years. A motion for new trial was filed and amended, adding certain special grounds and one relating to new and material facts in the nature of newly-discovered evidence dealing with the events occurring at

the trial in which the jury requested a view of the scene. A motion was likewise made for a mistrial and for supplementation of the transcript dealing with the events occurring at the jury view. All motions were denied, and the defendant appeals. *Held:*

1. Most of the enumerations of error are concerned with the alleged newly-discovered evidence with reference to the first and second amendments to defendant's motion for new trial involving the defendant's contention that even though his counsel had agreed to the jury going to the scene of the shooting, the location of the vehicles was not in fact properly positioned and did not correctly depict the scene, and as to the other events occurring on this occasion constituting irregularities. However, defendant was represented by able counsel who agreed to the view of the scene by the jury and if the vehicles were not properly positioned or did not represent correctly the vehicles at the scene at the time of the shooting, objection should have been made at that time either at the scene or at least upon return to the open courtroom during the trial. Although the defendant testified he brought it to the attention of his counsel at the scene at the time when the alleged irregularities occurred and that defendant expected his counsel to make a proper objection, the record fails to show that defendant's counsel made any objection insofar as this matter is concerned, and no ruling was invoked at the trial regarding the complaint now made. These enumerations are not meritorious. *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907); *Hudson v. State,* 229 Ga. 565 (1) (193 SE2d 7).

2. After the shooting in Forest Park, Georgia, on June 28, 1975, the defendant fled the scene and was not apprehended until sometime later on October 8, 1975, in Decatur, Georgia, while using the assumed name of Anthony Wayne Thrash. He was found asleep in a rear room of a dwelling. The police officers, acting on notification that a warrant was outstanding for the defendant for the offense of murder in Clayton County, Georgia, approached the dwelling and knocked on the door but got no response. Through a window they could see three individuals on the floor in the front room apparently sleeping. One of the officers testified, "We knocked, called

through the door and identified ourselves as police officers and no one would come to the door. We looked through the window, and through the window there was various drugs . . ." Motion for mistrial was made and denied, the court holding that the facts and circumstances surrounding the arrest were admissible. Thereafter, examination of the witness showed that the officers being unable to awaken the individuals in the front room gained entry through a window and in the two front rooms found numerous pills, capsules, a quantity of what appeared to be marijuana and also three marijuana plants. It was further shown that there were no drugs found in the rear room where the defendant was located and neither were there any drugs found on the defendant. However, he was charged with a drug violation but the prosecution of this charge has not been pursued. We see no harmful error here. The circumstances and evidence surrounding the apprehension and arrest of the defendant were admissible in evidence. See *Bixby v. State,* 234 Ga. 812 (1) (218 SE2d 609) and cits.

3. During the trial the defendant testified in support of his defense of justification. The defendant testified that the deceased was advancing on him with a knife. Thereafter in rebuttal the father of the deceased was called as a witness and permitted to testify over defendant's objection that the witness had not been sequestered but was sitting in the courtroom throughout the trial. The assistant district attorney stated that he did not know that he was going to call this witness until the defendant testified that the deceased was advancing on him with a certain knife and offered the knife in evidence in support of his defense of justification. He admitted that the witness was not on the list of witnesses furnished to the defense. Counsel for defendant argues it was reversible error in that the state knowingly failed to present the trial court with the opportunity to exercise its discretion as to sequestration under Code Ann. § 38-1703. Under the cases of *Stuart v. State,* 123 Ga. App. 311 (1) (180 SE2d 581), and *Bush v. State,* 129 Ga. App. 160 (1) (199 SE2d 121), he contends it was reversible error for the trial court to permit this witness to testify. This witness who was not sequestered was called for one purpose and

one purpose alone, to rebut the testimony of the defendant in regard to the ownership of a certain knife which the defense contends was the property of the deceased. If there be any error it would be harmless because his evidence shows the limited purpose for which he was called as a witness. A violation of the rule of sequestration does not affect the admissibility of a witness' testimony though it may affect his credit, and the court so instructed the jury as to this principle. See *McFarland v. State,* 137 Ga. App. 354, 357 (223 SE2d 739). Therefore, conceding arguendo that this was a violation of the rule of sequestration, the error, if any, is harmless. *Silas v. State,* 133 Ga. App. 560 (2) (211 SE2d 609); *Wheeless v. State,* 135 Ga. App. 406 (4) (218 SE2d 88). This enumeration of error is without merit.

4. After the jury had been deliberating for some time it advised the court that it was "dead-locked," whereupon the court gave an additional instruction and certain cautionary instructions commonly known as the "Allen charge" (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528)). The defendant contends that under *Willingham v. State,* 134 Ga. App. 603 (5) (215 SE2d 521), the court failed to give cautionary words such as "no juror is required to surrender his or her honest opinion because of the honest different opinion of another juror or [other] jurors or for the purpose of reaching a unanimous verdict." However, the court did instruct them, "Now, this case has been carefully tried by both sides, and it's been submitted to you for a decision and verdict if possible, and not for disagreement. It is the law that a unanimous verdict is required, and while this verdict must be the conclusion of each of you, and not a mere acquiescence of the Jurors in order to reach an agreement, it is still necessary for all of you to examine the issues and questions submitted to you with candor and fairness and with a proper regard for and dererence [sic] to the opinions of each other.

"A proper regard for the judgment of others will greatly aid us in forming our own judgment.

"Now, this case must be decided by some Jury selected in the same manner as this Jury was selected, and there is no reason to think that a Jury better qualified would be chosen.

"Each of you should listen to the arguments of other

Jurors with a disposition to be convinced by them, and if you differ in your views of the evidence, such difference of opinion should cause all of you to scrutinize the evidence more closely and to re-examine the grounds of your opinion.

"Your duty is to decide the issues of fact and the law given you in Charge, which was submitted to you, if you can conscientiously do so. In conferring, you should lay aside all mere pride of opinion, and to bear in mind that the Jury Room is no place for espousing and maintaining in a spirit of controversy either side of the cause. The aim ever to be kept in view is the truth as it appears from the evidence examined in the light of instructions of the Court. Remember always that you should not be an advocate for one side or the other, but rather, you should act as judges of the facts and the law in the case." The instruction as given is satisfactory as meeting requirements that the court should consider in giving this instruction. See *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78); *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43); *Herrin v. State,* 138 Ga. App. 729 (12) (227 SE2d 498). There is no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED APRIL 19, 1977 — REHEARING DENIED MAY 16, 1977 —

*Paul McGee,* for appellant.
*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.