## 55547. THORNTON v. THE STATE.

BANKE, Judge.

The defendant was convicted of violating the Georgia Controlled Substances Act. He appeals the denial of his motion for new trial.

After deliberating approximately two hours, the jury returned to the courtroom, and the foreman told the judge that the jury was unable to reach a verdict. The judge inquired as to their numerical division, and the foreman replied that they stood 11:1. The judge ordered a luncheon recess and instructed the jury to resume its deliberations at 2 p.m. Defense counsel then asked the court's per- mission to present a motion before the jury resumed its afternoon deliberations. Although it is not absolutely clear from the record, the judge apparently consented to his request.

The jury returned to the jury room at 2 p.m., but the judge did not return to the courtroom until 2:40 p.m. Defense attorney claims that the bailiff instructed the jury that it could not resume deliberations until he received further orders from the judge, which orders were received and communicated to the jury around 2:40 p.m. Upon being questioned by the judge, the bailiff stated that he did not instruct the jury to delay its deliberations; rather, he said he had informed the jury that he could not give them a copy of the indictment until receiving further instructions from the judge. The judge then proceeded to hear defense attorney's motion that the jury be given additional instructions pertaining to its deadlock. As the motion was being discussed, the jury returned with its verdict. The defendant alleges that the verdict was invalid since it was reached without benefit of the additional

instructions which he had requested.

Defense counsel's motion asked that the court question the foreman to "find out whether he does, indeed, feel that they have reached a dead end." In response to this motion, the district attorney volunteered to go get his copy of the "Allen" or "dynamite" charge. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The "Allen" charge is a charge given to juries which emphasizes their duty to reach a verdict, if at all possible, without requiring any juror to surrender his honestly held conviction. The defendant argues that the trial judge must in all cases either dismiss the jury and declare a mistrial or give them further instructions once they have advised the judge that they are deadlocked. He contends that to instruct the jury to continue its deliberations without any comment misleads the jury into believing they *must* reach a verdict and that this is especially coercive when the jury's announced numerical division is 11:1. He further argues that the silence of the trial judge in this case resulted in a denial of his Sixth Amendment right to a fair and impartial jury.

The decision of whether to give a jury in disagreement the "Allen" charge is generally left in the discretion of the trial judge. See *Parker v. Ga. Pacific R. Co.,* 83 Ga. 539 (9) (10 SE 233) (1889); *Yancy v. State,* 173 Ga. 685 (5) (160 SE 867) (1931); *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78) (1972); *Willingham v. State,* 134 Ga. App. 603 (5a) (215 SE2d 521) (1975); *Still v. State,* 142 Ga. App. 312 (4) (235 SE2d 737) (1977). The federal courts also recognize the trial judge's discretion to give the "Allen" charge in appropriate situations. See, for example, Powell v. United States, 297 F2d 318 (5th Cir. 1961); United States v. See, 505 F2d 845 (9th Cir. 1974).

In reference to the judge's discretion the District of Columbia Circuit Court of Appeals has ruled that "[w]hen a jury reports that they are unable to agree the court is faced with the alternative of discharging them or directing them to continue their deliberations. . . In order to determine the likelihood of an agreement it is obviously necessary in most instances, and proper, for the judge to interrogate the jury." United States v. Smoot, 463 F2d 1221, 1223 (D.C. Cir. 1972). In United States v. See, supra,

the Ninth Circuit Court of Appeals upheld the trial judge's declaration of a mistrial. It ruled that upon being informed of deadlock, the trial judge should consider four factors in making his decision of whether to order a mistrial or to require the jury to deliberate further. These factors include:

1. Polling the jurors or questioning them as a group as to whether additional time for deliberation would be helpful in overcoming their current deadlock.

2. Considering whether the jury is so exhausted that the minority might be induced to vote for a verdict which they otherwise would not support.

3. Considering the length of the trial and the complexity of the issues in the case.

4. Consideration of the length of time the jury deliberated before declaring itself deadlocked.

We approve of the approach outlined in United States v. See, supra. We also believe that it would have been better practice for the trial judge in this case to have inquired further into the nature of the jury's deadlock and to have given the jury additional instructions if, in the exercise of his discretion, he then believed such instructions were appropriate. However, on the basis of this court's decision in *Goldwire v. State,* 128 Ga. App. 472 (2) (197 SE2d 155) (1973), we cannot say that his failure to do so was reversible error. The ruling there was that "[t]here was no error in failing to declare a mistrial after the jury had been deliberating two hours and, upon inquiry by the court, were found to be 8 to 3 in their vote with one undecided. The court requested them to deliberate further and a verdict was found in about 12 more minutes." 128 Ga. App. p. 473. Implicit in the court's finding of no error was approval of the trial judge's direction to the jury to deliberate further.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted March 2, 1978 — Decided April 11, 1978 — Rehearing denied April 28, 1978 — Cert. applied for.

*Gilberg, Kraselsky & Owens, Larry B. Owens,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.