## 57660. THOMPSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for the offenses of kidnapping and rape. The jury returned a verdict of not guilty of kidnapping and guilty of rape. Defendant appeals. *Held:*

1. The victim testified that shortly before midnight she borrowed her boyfriend's automobile to go to a 24-hour grocery store. After her shopping she returned to the automobile where defendant, along with a male companion, approached her. Defendant threatened the victim with a pistol and forced her into the borrowed automobile. Defendant then drove the victim to a location, behind an apartment building, where he and his male companion (who had a female companion in his separate automobile) each raped the victim. The defendant then drove the victim to another location where he again raped her. Defendant then allowed the victim to drive away in her boyfriend's automobile.

During the trial the defendant testified that he had "sex" with her two times and she did not resist either time.

The victim's testimony was corroborated by her immediate report of the incident to police, discovery of male sperm in her vagina when examined by a physician and a positive laboratory test for seminal fluid on her clothing.

The evidence is sufficient to support the verdict.

2. During the testimony of Mrs. Rhonda Lakes, one of defendant's witnesses, it became increasingly apparent that Mrs. Lakes was the female companion present at the scene of the incident in question. The assistant district attorney, in the presence of the jury, asked the court to advise her of her rights and inquire whether she needed a lawyer. In regard to a witness' right to refuse to give testimony which may criminate himself, see Code Ann. §§ 1-805 (Fifth Amendment, U. S. Constitution); 2-113 (Art. I, Sec. I, Par. XIII; Constitution of 1976); 38-416 (Ga. L. 1962, pp. 133, 135); 38-417; 38-1102; and 38-1205 (Ga. L. 1978, p. 2000).

The defendant moved for a mistrial, defendant arguing that the assistant district attorney's request was

prejudicial, inflammatory, and weakened the credibility of Mrs. Lakes. The state responds that the remark, if anything, increased the credibility of Mrs. Lakes, "because she was a possible party to the crime who was willing to testify even if it implicated her."

The trial court did not err in denying defendant's motion for mistrial. It is the introduction of facts not in evidence that requires the application of remedies such as mistrial or rebuke. See Code § 81-1009; *Patterson v. State,* 124 Ga. 408, 409 (1) (52 SE 534). Any factual assertion contained in the assistant district attorney's request was a reasonable and permissible inference from the evidence which as defendant concedes had already made it apparent to the jury that Mrs. Lakes was present at the scene. Compare *Garcia v. State,* 240 Ga. 796, 800 (3) (242 SE2d 588); *Smalls v. State,* 105 Ga. 669, 672 (3) (31 SE 571); *Milam v. State,* 108 Ga. 29, 31 (1) (33 SE 818).

3. On cross examination of the defendant the assistant district attorney elicited testimony which defendant contends reveals that he was arrested for an offense other than rape, thus placing his character in issue. The defendant enumerates as error the denial of his motion for mistrial. This enumeration of error is without merit. The circumstances connected with the arrest of the defendant were proper matters for submission to the jury. *Houser v. State,* 234 Ga. 209, 214 (13) (214 SE2d 893).

4. After the jury had deliberated some five hours the trial court gave the jury an "Allen" or "dynamite" charge. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528). The charge is not erroneous for any of the reasons complained of. Cautionary words intended to avoid coercion of the minority were given by the trial court although not in the language which the defendant contends should have been given. See *Wilson v. State,* 145 Ga. App. 315, 321 (4) (244 SE2d 355). *Greeson v. State,* 138 Ga. App. 572, 573 (3) (226 SE2d 769), relied upon by the defendant has been reversed. See *State v. Greeson,* 237 Ga. 193 (227 SE2d 324); *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 11, 1979 — DECIDED JUNE 7, 1979 —
REHEARING DENIED JULY 6, 1979.

*R. Allen Hunt, Charles Gary Hodges,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet,
R. David Petersen, Assistant District Attorneys,* for
appellee.