## 65043. STEVENS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendants Milford Stevens and Randall Walls were jointly indicted, tried, and convicted of possession of cocaine. Officer Grizzard was on patrol at approximately 11:00 p.m. on the evening of October 28, 1981, in the parking lot of the Red and White Food Store and the Hunting Lodge in Troup County. There had been a burglary and several thefts at that location in recent weeks. He saw a Ford parked in front of the Hunting Lodge. He placed his spotlight on the car and saw that there was no one in the car. He circled the building and as he arrived back at the parking lot he saw a yellow Volkswagen (VW) enter the parking lot at a high rate of speed and stop alongside the Ford. He drove his patrol car to that location and saw defendant Walls with a beer in his hand as he exited the VW. When Walls saw the patrol car he started throwing beer cans under the Ford. Walls was obviously intoxicated. Officer Grizzard drove up behind the two cars and let his headlights shine upon them. He approached the VW and saw defendant Stevens in the driver's seat, with the engine running, and a beer in his hand. He detected the odor of alcohol in the car and ordered Stevens to leave the car and both defendants to go to the rear of the VW. Stevens turned his head away from the officer but Grizzard smelled the odor of alcohol on his breath and saw that he was unsteady on his feet. He placed Stevens under arrest for driving with his ability impaired by alcohol or drugs. Officer Grizzard then walked to the driver's side of the VW to check the VIN and NBI sticker. As he bent over to look into the car he observed defendant Walls fumbling with his jacket and drop "a white plastic bag." He

returned to the rear of the car and saw a piece of plastic sticking out from under Wall's foot. He pushed Walls back and picked up a plastic bag containing a white powdery substance. He placed Walls under arrest and did a pat-down of his person and placed Walls in the back of his police car and called for a backup. Lt. Hunt and Deputy Arrington arrived shortly thereafter. Defendant Stevens was advised of his implied consent rights and taken to the hospital where a blood and urine sample were taken. The blood sample was negative for alcohol and the urine sample was positive for the presence of cocaine. The Crime Laboratory specialist testified that five separate tests were run on the urine and each one showed the presence of cocaine. Stevens appeals his conviction for possession of cocaine. *Held:*

1. Defendant contends the evidence is insufficient to support the findings of guilty. We do not agree. The Georgia Crime Laboratory ran five tests on defendant's urine and all five were positive for presence of cocaine. This is direct positive evidence that the defendant had ingested cocaine and that at sometime within the immediate past the defendant had possessed the cocaine he subsequently ingested. The Crime Laboratory specialist testified that "cocaine is a relatively fast-acting drug . . . You would be talking about 24 hours . . . Q. In other words, the drug would pass through a person's body completely within 24 hours? A. On that order. It's variable . . . This is dependent upon how it was ingested. If it's ingested versus sniffing versus taken orally, anywhere from thirty to forty minutes to maybe an hour, in that order." Hence, defendant's guilt does not depend entirely upon circumstantial evidence. The results of the laboratory tests were direct, positive evidence that defendant had recently possessed the cocaine he subsequently ingested. Construing the evidence in the light most favorable to the verdict reached by the trial court, as we must under Jackson v. Virginia, 443 U. S. 307 (1) (99 SC 2781, 61 LE2d 560), we find there was sufficient evidence for any rational trier of fact to have found the defendant guilty of the offense charged beyond a reasonable doubt. Id.

2. The trial court was authorized by the evidence, and did correctly charge the jury upon the issues of actual and constructive possession and sole and joint possession of the cocaine found in possession of defendant Walls. *Wisdom v. State,* 234 Ga. 650, 654 (217 SE2d 244); *Dalton v. State,* 249 Ga. 720 (2) (292 SE2d 834); *State v. Lewis,* 249 Ga. 565, 567 (292 SE2d 667).

3. Defendant Stevens moved to sever his trial from that of Walls. His motion was denied. He argues that the trial court should have granted separate trials as "there was a danger that the evidence admissible against co-defendant Walls would be considered against

Appellant Stevens despite any admonitory precautions of the court." He also asserts that their defenses are antagonistic to each other and each other's rights. The basis for this defense is that Walls was in possession of the cocaine and he was not — and that these defenses are antagonistic.

In the hearing on the motion to sever the counsel for Stevens and Walls attempted to show that Stevens wanted to call Walls as a witness and that Walls would claim the Fifth Amendment privilege at their joint trial but would testify for Stevens in a separate trial that Walls was in possession of the cocaine.

Our Code provides that "[w]hen two or more defendants are jointly indicted ... for a felony less than capital ... defendants may be tried jointly or separately in the discretion of the trial court ..." Code Ann. § 27-2101 (Code § 27-2101); OCGA § 17-8-4. Our Supreme Court, in addressing a similar problem, in *Cain v. State,* 235 Ga. 128 (218 SE2d 856), cited "relevant American Bar Association Minimum Standards relating to joinder and severance" and found that the trial judge must exercise his discretion in each particular case, "[b]ut the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.] He must make a clear showing of prejudice and a consequent denial of due process." 235 Ga. at 129. They set forth a three-part standard: (1) "Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?" 235 Ga. 128 at 129. We answer each question in the negative.

The grant or denial of a motion for severance lies within the sound discretion of the trial court and its ruling will not be reversed absent clear abuse of such discretion. To warrant a severance, the defendants must show the probability of prejudice and may not present just argument that there is a better probability a separate trial would give them a better chance of acquittal. To obtain a new trial at the appellate level they must show actual prejudice and denial of due process. *Johnson v. State,* 159 Ga. App. 819, 821 (285 SE2d 252). The critical issue in this case is possession of the cocaine discarded by Walls. This joint trial had no adverse effect upon that issue. There were only two accused and the evidence was short, simple, and uncomplicated. We find no danger of confusion. *Kelley v. State,* 248 Ga. 133 (3) (281 SE2d 589). We see no danger in considering evidence admissible against one party being considered against the other party. Neither can we discern antagonism between

the State's evidence showing one defendant in actual possession of cocaine and the other defendant's urine test being positive for cocaine. Even if these "defenses" were antagonistic, "[w]ithout a clear showing of prejudice and harm by movant, the mere fact that co-defendant's defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cits.]" *Smith v. State,* 155 Ga. App. 657, 658 (272 SE2d 522). There could be no harm to appellant Stevens from a showing that cocaine was possessed by his co-defendant Walls. "The mere fact that testimony as to one of two co-defendants is stronger than that linking the other to the crime does not demand a finding that the denial of a motion to sever is an abuse of discretion." *Martin v. State,* 162 Ga. App. 703, 704 (292 SE2d 864). Thus, following the test of *Cain,* supra, we find no error.

However, the issue of the failure to sever the trial so that one defendant could call the other co-defendant as a witness is more complex. In *Cain,* supra, the Supreme Court stated: "if the defendant wishes to call his co-defendant as a witness, he will not be able to do so in a joint trial because of his co-defendant's Fifth Amendment rights. In order to have his motion for severance granted, however, the defendant must show not only that his co-defendant will probably not testify at trial where he could cross-examine him or elicit the testimony desired, but also that the testimony of the co-defendant would tend to exculpate the defendant. The trial judge should also consider whether the co-defendant would be more likely to testify if they were tried separately." 235 Ga. at 129-130. We note that the American Bar Association Standards, referred to in *Cain,* supra, state: ". . . it may be relevant that the moving defendant desires the testimony of a codefendant, which would be unavailable at a joint trial but which might be obtained if the defendant were severed and tried later. This, by itself, has not been viewed as grounds for severance." ABA Standards Relating to Joinder and Severance (Standards with commentary) § 2.3 (b).

We have found little precedent in Georgia treating this issue, however Federal courts appear to have faced the same question on numerous occasions. One of the more recent cases following earlier precedent is United States v. Butler, 611 F2d 1066 (5th Cir. 1980), U. S. cert. den. 449 U. S. 830, in which two co-defendants moved for a severance from a third co-defendant on the ground that he would testify in their behalf if they were granted a severance. The motion was denied. The court stated the test to be applied as: "In order to be entitled to a severance on the ground urged, the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. [Cits.]

Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion." Accord: Gorin v. United States, 313 F2d 641 (1st Cir. 1963); United States v. Morrow, 537 F2d 120, 135 (5th Cir. 1976); United States v. Rice, 550 F2d 1364 (5th Cir. 1977); U. S. cert den. 434 U. S. 954; United States v. Marable, 574 F2d 224 (5th Cir. 1978). Assuming without deciding, the defendant could meet some of the criteria, there is no indication that Walls would testify to anything other than he alone possessed the cocaine which he discarded. Such testimony does not refute the simple fact that defendant Stevens' urine showed he had ingested cocaine and at some time in the immediate past, he had possessed the cocaine which he subsequently ingested. The trial court, in assessing the possible prejudice caused by the absence of such testimony as compared to judicial administration and economy could have concluded a severance was not warranted. We find no abuse of discretion. See Olmstead v. United States, 19 F2d 842 (9th Cir. 1927), affirmed 277 U. S. 438 (48 SC 564, 72 LE 944).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, Birdsong and Pope, JJ., concur. Shulman, C. J., Carley and Sognier, JJ., dissent.*

DECIDED MARCH 17, 1983.

*Lee R. Hasty,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.

CARLEY, Judge, dissenting.

I must respectfully dissent from the majority's decision to affirm appellant's conviction because, in my opinion, the evidence was wholly insufficient for a rational trior of fact to find this appellant guilty of the crime with which he was charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The mere presence of the appellant at the place where the contraband was found and nothing more is not enough to support a conviction. See generally *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157) (1975); *Braden v. State,* 135 Ga. App. 827, 829 (219 SE2d 479) (1975); *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99) (1976). The evidence of cocaine in appellant's urine and of appellant's sharing other noncontraband intoxicants is clearly circumstantial with regard to the attempt to prove appellant's possession of the

cocaine contained in the "white plastic bag," dropped by Walls, seen "sticking out from under Walls' foot" and picked up by the officer.

I totally agree with the majority that the results of the urinalysis test conducted by the Georgia Crime Laboratory "is direct positive evidence that the defendant had ingested cocaine and that at some time within the immediate past the defendant *had possessed the cocaine he subsequently ingested."* (Emphasis supplied.) However, appellant is not charged with possessing the cocaine which he ingested but, rather, he is charged with constructively possessing the cocaine actually possessed by Walls. "There is no direct evidence that he had any control (possession) or even knowledge (constructive possession) of [that] contraband." *Denham v. State,* 144 Ga. App. 373, 374 (241 SE2d 295) (1977). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. That appellant was driving the vehicle and was sharing beer with Walls does not exclude every other reasonable hypothesis save appellant's guilt of possessing the contraband which was in the actual possession of Walls. See *Russell v. State,* 132 Ga. App. 35, 36 (1) (207 SE2d 619) (1974); *Greeson v. State,* 138 Ga. App. 572, 574 (4) (226 SE2d 769) (1976), aff'd, 237 Ga. 193 (2) (227 SE2d 324) (1976). Nor does evidence that appellant had ingested *some* cocaine within the previous 24 hours, as demonstrated by the urinalysis, show that appellant was a party to the crime of possessing the specific cocaine which was found in the actual possession of Walls. Cf. *McCann v. State,* supra. "[T]he circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, [therefore,] the conviction can not stand." *Braden v. State,* supra, at 829. Also see *Denham v. State,* supra, at 374.

I believe that, construing the evidence most strongly in support of the verdict of guilty, that evidence was insufficient to support that verdict.

Although, as set forth above, I believe that the case must be reversed on the general grounds, I must also point out that even if, the evidence were sufficient to support a verdict of guilty, I would disagree with that portion of Division 3 of the majority opinion which determines that the trial court committed no error in failing to sever the trials so that appellant could call the co-defendant as a witness. As the majority notes, "[i]n the hearing on the motion to sever the counsel for Stevens and Walls attempted to show that Stevens wanted to call Walls as a witness and that Walls would claim the Fifth Amendment privilege at their joint trial but would testify for Stevens in a separate trial that Walls was in possession of the cocaine." It is

my opinion that under the authority of *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), cited and discussed by the majority, appellant sufficiently showed "that the testimony of the co-defendant would tend to exculpate [appellant]." *Cain v. State,* supra at 130. The majority holds that the trial court did not abuse its discretion because "there is no indication that Walls would testify to anything *other than he alone possessed the cocaine which he discarded.* Such testimony does not refute the simple fact that defendant Stevens' urine showed he had ingested cocaine and at some time in the immediate past, he had possessed the cocaine which he subsequently ingested." (Emphasis supplied.) As pointed out above in connection with my discussion of the general grounds, appellant is charged with possessing "the cocaine which [Walls] discarded" and not the cocaine which the urine test showed that appellant had "ingested." Therefore, I believe that the trial court committed reversible error in failing to sever appellant's trial from that of his co-defendant. However, I would not reach that issue because I would reverse on the general grounds for the reasons set forth above.

I am authorized to state that Chief Judge Shulman and Judge Sognier join in this dissent.