## 67968. BANKSTON v. THE STATE.

DEEN, Presiding Judge.

The appellant, James Terry Bankston, was tried for and convicted of three violations of the Georgia Controlled Substances Act. On appeal, he contends that the trial court erred in denying his motion for a postponement; that the court erred in allowing a jury to be selected from a panel containing only 38 prospective jurors; and that the court erred in giving the "Allen" charge. *Held:*

1. It appears that the day before his own trial the appellant was required to testify in another trial which involved possession or trafficking in controlled substances. Prior to voir dire, asserting that some of the prospective jurors may have watched that earlier trial and heard the appellant's testimony, counsel for the appellant moved for a continuance or postponement until another panel of potential jurors was available. The trial court denied the motion, noting that any jurors who in fact did hear some of the previous testimony could simply be excused during voir dire.

Where, upon the call of a case but before the jury has been struck, the panel of potential jurors from which the jury is to be selected is exposed to a prejudicial remark, the most extreme remedy available to the prejudiced party is a postponement until a new panel of jurors could be drawn. *Colonial Pipeline v. Westlake Club,* 112 Ga. App. 412 (145 SE2d 669) (1965). Often the most practical remedy in such a case is simply to challenge the poll of the jury. *Hill v. State,* 221 Ga. 65 (142 SE2d 909) (1965); see also *Finch v. State,* 138 Ga. App. 668 (226 SE2d 779) (1976). In this case, similarly, where the appellant's counsel asserted only a speculative possibility that some potential jurors on the panel may have heard the appellant's testimony in the other trial, the trial court did not err in denying the motion for a

postponement. The trial court did allow the practical remedy of challenging the poll of the jurors, and the appellant here has shown neither error nor harm.

The appellant also contends that the trial court erred in going forward with the selection of the jury, over the appellant's oral challenge to the array on the basis that there were only 38 prospective jurors on the panel. OCGA § 15-12-160 (Code Ann. § 59-801) provides that "[w]hen any person stands indicted for a felony, the court shall have impaneled 42 jurors from which the defense and prosecution may strike jurors." Rather than completing the panel of jurors, the trial court chose to proceed with the 38-juror panel, after the prosecutor had agreed that the state would reduce the number of its peremptory strikes while the appellant retained his full complement of 20 strikes. The improvised procedure, agreed upon by the trial court and prosecutor but not the appellant, was error. Nevertheless, "there was no written challenge to the array, and thus . . . the mere oral objection raised by . . . [the appellant] . . . before beginning the process of selection that the panel was deficient in number, raises no issue that we can decide." *Cauley v. State,* 130 Ga. App. 278, 282 (203 SE2d 239) (1973); see also OCGA § 15-12-162 (Code Ann. § 59-803), and *Williams v. State,* 210 Ga. 665 (82 SE2d 217) (1954). Moreover, because it appears that a jury was selected without the appellant's having to exhaust his peremptory strikes, the error of proceeding with a deficient panel was harmless. Cf. *Foster v. State,* 240 Ga. 858 (242 SE2d 600) (1978); *Gee v. State,* 239 Ga. 583 (238 SE2d 356) (1977).

2. After the jury had deliberated for a total of almost two hours, the trial court inquired about the progress of the deliberations, and the jury foreman indicated that on one charge the vote stood at 11 to 1 and on the other two charges the vote was 8 to 4. The foreman also indicated that the jury had not made any recent progress in the deliberations. A recess was then called until the following morning, when, on its own motion and before the jury had taken another vote, the trial court delivered the "Allen" charge. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The charge as given has on numerous occasions been approved by the Supreme Court. *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43) (1974); *Ponder v. State,* 229 Ga. 720 (194 SE2d 78) (1972). The appellant, however, contends that the trial court erred by giving this charge prematurely and without cause.

The decision of whether to give a jury in disagreement the "Allen" charge, including deciding the length of time a jury may be allowed or required to deliberate before the charge is given, generally lies within the discretion of the trial court and will not be disturbed on

appeal unless there is a manifest abuse of that discretion. *Roberts v. State,* 141 Ga. App. 550 (234 SE2d 138) (1977); *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978). Considering the circumstances of this case, we do not find the decision to give the "Allen" charge a manifest abuse of discretion.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1984.

*William M. Phillips, John W. Knapp, Jr.,* for appellant.
*David L. Lomenick, District Attorney, Roland L. Enloe, Jr., Assistant District Attorney,* for appellee.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

