22902. SIMMONS v. THE STATE.

MOBLEY, Justice. The indictment in this case contained three counts; first, Robbery by use of an offensive weapon, second, Robbery by force and intimidation, and third, Robbery by snatching. The trial judge, trying the case without a jury as

per agreement of the State and the defendant, returned a general verdict of guilty. The defendant's motion for new trial on the general grounds alone was denied, and the exception is to that judgment. *Held:*

1. The indictment charged the commission of the same felony, robbery, in three ways. *Code Ann.* § 26-2501 (Ga. L. 1957, pp. 261, 262); *Pride v. State,* 125 Ga. 748 (54 SE 686). Where, as here, the crime has three grades, a general verdict of guilty will be construed as finding the defendant guilty of the highest grade, robbery by use of an offensive weapon, a weapon likely to produce death, and the proof would have to support the higher grade. *Dean v. State,* 43 Ga. 218 (2); *Estes v. State,* 55 Ga. 131; *Bulloch v. State,* 10 Ga. 46; *Simmons v. State,* 162 Ga. 316, 318 (134 SE 54); *Rivers v. State,* 46 Ga. App. 778 (169 SE 260); *Pride v. State,* 125 Ga. 748, supra; *Pride v. State,* 124 Ga. 791 (53 SE 192).

2. The evidence supports a verdict of guilty of robbery by the use of an offensive weapon likely to produce death. The victim positively identified the defendant as one of the three assailants who accosted him on a street in Savannah, overpowered him, beat and stabbed him twice in the stomach with a sharp instrument, took $16.45 from his person, and left him in the street critically injured. He was taken to the hospital where he remained for about a month. He identified one of his assailants the night he was robbed at a time when he was conscious but in great pain, but he did not identify the other, the defendant, until about a week later. The fact that he did not identify the defendant as one of his assailants when he identified the other one, and did not do so for several days, and the fact that he told the officer that he had been at one bar but testified at the trial that he had been at another, and that he had told the officer he had had some drinks or beer or alcoholic beverages but testified that he had had only one small glass of beer, does not, as contended by plaintiff in error, impeach his testimony, but goes to his credibility, and the credit to be given his testimony is for the trior of the facts, the judge here, to determine. *Code* § 38-1806; *Ferguson v. State,* 220 Ga. 364 (2) (138 SE2d 881); *Haywood v. State,* 114 Ga. 111 (1) (39 SE 948).

*Judgment affirmed. All the Justices concur.*

Submitted April 12, 1965—Decided May 6, 1965.

*Edward J. Goodwin,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.