[Crim. No. 17419. Second Dist., Div. Four. Dec. 15, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY GARCIA, Defendant and Appellant.

## COUNSEL

Michael R. Palley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Barbara T. King, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—Following a nonjury trial, appellant was found guilty of count I: possession of heroin, a narcotic, in violation of Health and Safety Code, section 11500, and count II: driving a vehicle on a highway while under the influence of, or addicted to the use of, a narcotic, in violation of Vehicle Code, section 23105—both felonies. Two prior nonnarcotic felony convictions were charged. The court granted appellant a new trial as to count II and adjourned further criminal proceedings on count I in order that a hearing could be held in another department of the superior court, under Welfare and Institutions Code, section 3051, to determine if defendant was, or was in imminent danger of becoming, addicted to the use of narcotics. A finding on the priors and the matter of probation or sentencing under count I was suspended pending outcome of the addiction hearing. The section 3051 hearing took place, resulting in an order committing defendant to the California Rehabilitation Center and he appeals from that order.

 First we dispose of a point not considered in the briefs of either party, namely, from just what appellant takes this appeal. His notice of appeal, taken together with his briefs, makes this point uncertain since he states that he appeals: ". . . from an order of the above-entitled Court made on the 20th day of March, 1969, committing him to California Rehabilitation Center. . . ." However, we are not furnished with the record of the commitment proceedings and, instead, are furnished with the record of

the criminal trial. Furthermore, appellant's brief asks us to review developments at that trial and not at the commitment hearing.

■ Defendant was found "guilty" in the criminal trial but no judgment in it was entered. (See: Witkin, Cal. Criminal Procedure (1963) pp. 605, 640-642, §§ 614, 647-648; 1969 Supp. p. 318, § 647(f).) Ordinarily, there thus would be no final judgment for us to review. However, Penal Code, section 1237, subdivision 1, provides for this, stating: "An appeal may be taken by the defendant: 1. From a final judgment of conviction. . . . The commitment of a defendant for narcotics addiction shall be deemed to be a final judgment within the meaning of this section 90 days after such commitment."

■ One of the issues raised by appellant is the admissibility of evidence produced as the result of an allegedly unlawful search and seizure. This evidence was introduced at the criminal trial; we do not know if it was introduced at the commitment proceedings. As stated in *People* v. *Murphy* (1969) 70 Cal.2d 109, 116 [74 Cal.Rptr. 65, 448 P.2d 945]: "It follows that *a claim on appeal from an order of commitment* that certain evidence was obtained by an illegal search and seizure cannot be dismissed if that evidence was introduced over timely objection at any stage of the commitment proceedings. *On the other hand, if the evidence in question was introduced solely at the criminal trial, as in the case at bar, the claim is not cognizable on such appeal.*" (Italics added.)

In determining whether appellant is appealing from the outcome of the commitment proceedings or truly is appealing from the criminal trial we note, first of all, that an addiction hearing is a civil proceeding, wholly distinct from the criminal prosecution. (*People* v. *Murphy, supra,* 70 Cal.2d at pp. 114-115.) The court clerk opens a new file, giving it a civil number different from the number given to the criminal file. An appeal from a commitment order seeking review of the commitment proceedings is governed, not by Penal Code, section 1237, subdivision 1, but by Code of Civil Procedure, section 904.1 (formerly Code Civ. Proc., § 963). (*People* v. *Murphy, supra,* fn. 4.) The time limits for civil appeals specified by rule 2, California Rules of Court, apply whereas time for a criminal appeal is governed by rule 31, allowing 10 days' time within which to file notice of appeal, following the rendition of judgment or the making of an appealable order.

Here, defendant was found guilty by the trial court on February 14, 1969. A new trial on count II was granted on March 7, 1969 and further criminal proceedings were that date adjourned. The addiction hearing was held in another department of the court and an order of commitment was made March 20, 1969; notice of appeal was not filed until June 30, 1969.

Accordingly, although appellant's notice[1] states that he appeals from the commitment order, only (which ordinarily would warrant our review of only the commitment proceedings), we will treat the appeal as taken from the criminal trial conviction for the reasons that: (1) the notice of appeal uses the criminal file number, not the civil number of the commitment proceedings; (2) the record furnished to us relates only to the criminal trial, indicating appellant's intention to appeal from it, only; (3) if we treat this as a civil appeal from the commitment order it possibly is not timely filed under rule 2, California Rules of Court; (4) it is timely filed as a criminal appeal under Penal Code, section 1237, subdivision 1, and rule 31; and (5) under rule 31(b) a notice is required to "be liberally construed in favor of its sufficiency." Accordingly, we proceed to a review of the points raised in appellant's brief.

## I

Appellant first contends the heroin was found as the result of an illegal search. At the time of trial defendant made a motion to suppress under Penal Code, section 1538.5; the motion was denied.

The ruling has ample support in the testimony of police officer Gouge who received information from a reliable, tested informant that defendant was using and selling heroin and made deliveries of it in a vehicle which was described by make, color and license number. Gouge personally had known defendant for 10 years, knew he was a heroin user and knew he had suffered a previous commitment for narcotics addiction. Following surveillance, Gouge followed defendant as he drove the described car into a market parking lot. Gouge pulled his own car alongside and observed that defendant gave physical indication that he was then under the influence of narcotics. When told to stop, defendant accelerated to 40 miles per hour and drove out of the parking lot, with Gouge in pursuit. He observed defendant throw from his car a balloon containing heroin. When Gouge again pulled alongside, defendant rammed Gouge's car with his own. Finally, defendant stopped and was placed under arrest. Gouge then retrieved the balloon from the street.

Appellant contends he dropped the balloon of heroin because of fear engendered by unlawful police activity and that this constituted an unlawful search and seizure. On the basis of the evidence outlined the contention is without merit.

---

[1]We suggest that, to avoid ambiguity, one way to phrase a notice of appeal might be: ". . . from the final judgment of conviction (commitment for narcotics addiction) made and entered ————, 19——."

## II

The transcripts show that, at the time the court found defendant guilty, it deferred to a later date the consideration of probation and sentence and determination of priors. When that date arrived, the court announced it had read the report of the probation officer, granted a new trial to defendant on count II, received proof of defendant's two prior felony convictions, adjourned the criminal proceedings and initiated the addiction hearing.

Appellant's brief states ". . . defendant's sentence was apparently increased by the Judge's reading of certain records," and complains that defendant had no opportunity to cross-examine concerning them. This contention is patently ridiculous. The court pronounced no sentence; however if it had, it would be perfectly proper first to review the probation report and to receive proof of the prior convictions. (Pen. Code, §§ 1158, 1203.)

## III

Appellant argues he should not be bound by a stipulation made by his attorney "that the substance had a narcotic character."

First, no such stipulation was made. The stipulation in question was made during the preliminary hearing and defendant's trial was held, after appropriate waivers and stipulations, on the basis of the transcript of that hearing. The stipulation was only to the effect that if R. J. Bingle, a qualified forensic chemist, were called he would testify he "formed the opinion" that the substance he examined was heroin. The stipulation was a time-saver, entered into to avoid needless time spent in calling Bingle to the stand inasmuch as both sides obviously knew he would testify as indicated. Defendant did not stipulate that Bingle's opinion was the fact. Defendant was free to dispute the opinion if he chose; but he did not do so.

Citing *Harness* v. *Pacific Curtainwall Co.* (1965) 235 Cal.App.2d 485 [45 Cal.Rptr. 454], appellant urges that the stipulation entered into was beyond his counsel's authority. We disagree. The case is not pertinent. More in point are *People* v. *Wilson* (1947) 78 Cal.App.2d 108, 119-120 [177 P.2d 567]; *People* v. *Melgoza* (1960) 183 Cal.App.2d 600, 602 [7 Cal. Rptr. 82]; and *People* v. *Nelson* (1963) 218 Cal.App.2d 359, 363 [32 Cal. Rptr. 675] which point out that, particularly where a defendant is present to hear his attorney stipulate and permits it without objection, no prejudice can be found.

## IV

While making no contention that Gouge's informant was either untested or unreliable, defendant complains that he remained nameless and

was not called as a witness and that he therefore was denied his constitutional right of confrontation. No authority is cited for this proposition.

The informant's information was offered only to show probable cause to investigate defendant. The information was not offered to establish the People's case. The personal knowledge of the police officer, plus his later observations of defendant, supplied ample cause to detain and arrest defendant. Neither at the trial nor at the preliminary hearing did defendant request that the informer be identified. He is in no position now to complain.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.