49954. FAMBER v. THE STATE.

QUILLIAN, Judge.

When the only evidence to support the verdict of the jury which found the defendant guilty of burglary was the testimony of a co-conspirator and the results of a

polygraph test, it was error not to grant the motion for a new trial on the general grounds.

It is well settled that the uncorroborated testimony of a co-conspirator is not sufficient to authorize a felony conviction. Code § 38-121. See *Wise v. State,* 52 Ga. App. 98, 99 (182 SE2d 535).

Therefore, the only remaining issue is whether the results of the polygraph test are sufficient to corroborate the testimony of the lone co-conspirator. The question is answered in the negative. This is true even though the defendant consented to the test and agreed that its results be admitted in evidence. In *Cagle v. State,* 132 Ga. App. 227, 229 (207 SE2d 703), it was held that the results of a polygraph test were not admissible in evidence. Following the reasoning of the *Cagle* case and others on this subject (*Johnson v. Aetna Ins. Co.,* 124 Ga. App. 112, 113 (183 SE2d 85); *Salisbury v. State,* 221 Ga. 718 (4) (146 SE2d 776)), we have concluded and so rule that the results of a polygraph test are not only inadmissible but also have no probative value.

*Judgment reversed. Clark and Marshall, JJ., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED FEBRUARY 25, 1975.

*Donald G. Loggins,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.