## 54904. HANNAH v. THE STATE.

SMITH, Judge.

We must reverse Hannah's armed robbery conviction for the reason that the confession of a co-defendant, who did not testify at the trial, was improperly admitted against Hannah, denying him his Sixth Amendment Right to confrontation. *Porter v. State,* 143 Ga. App. 640 (3) (239 SE2d 694) (1977). The confession was a custodial, post-arrest statement identifying Hannah and his role in the alleged robbery. The state, citing *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973), contends the confession was made during the concealment stage of a conspiracy and thus was admissible hearsay. However, the Supreme Court later reconsidered its ruling in *Bennett* and held "that a statement made to police by a conspirator, whether inculpatory or exculpatory as to the declarant, which statement incriminates the other conspirator as a party to the crime, also constitutes termination of the conspiracy. Thus, such statement by a conspirator is not made during the pendency of the criminal project and is not admissible under Code Ann. § 38-306." *Crowder v. State,* 237 Ga. 141, 153 (227 SE2d 230) (1976).

This inadmissible statement was important to the state's proof against Hannah; hence, it cannot be said that its admission was harmless beyond a reasonable doubt. The remaining enumerations of error have no merit; but for the reasons stated above the judgment of conviction

must be reversed and a new trial granted.

*Judgment reversed. Bell, C. J., concurs. McMurray, J., concurs in the judgment only.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED FEBRUARY 2, 1978.

*Rees R. Smith,* for appellant.

*Thomas J. Charron, District Attorney, Richard L. Sloss, Assistant District Attorney,* for appellee.