## 34560. JONES v. THE STATE.

NICHOLS, Chief Justice.

David Lester Jones was convicted of the murder of Lynn C. Sullivan and was sentenced to life imprisonment. He appeals. This court affirms.

Evidence was presented in behalf of the state authorizing a jury to find the following facts: The appellant, together with Michael Brown, Jerry Lewis Boyd, and Kenneth Sanford, followed the victim from a Krystal restaurant to a dirt road for the purpose of robbing him. They blocked his automobile with theirs, and Brown confronted the victim with a shotgun. The victim was shot, the group left the scene together, and they disposed of the weapon.

Brown entered a plea of guilty to the charge of murder and was sentenced to life imprisonment. The others were tried jointly, were convicted of murder and were sentenced to life imprisonment. Each of the three gave a statement, if not a confession, as to the crime and his participation in it. Appellant's statement was corroborated by testimony in behalf of the state establishing that the victim had been found dead in his automobile at the place mentioned in the statement; that he had died of a shotgun blast in the neck; that tire tracks

found at the scene had a tread design similar to the tires on an automobile belonging to Sanford's sister; that shoe prints found at the scene were consistent with and could have been made by a sandal belonging to Sanford; and that a cup from a Krystal Restaurant was found at the scene of the crime.

1. Appellant first contends that the court failed to charge the substance of Code Ann. § 38-109 pertaining to circumstantial evidence. He failed to request such a charge. Where the case against the defendant is close or doubtful and is composed solely of circumstantial evidence, it is reversible error for a trial court to fail to charge Code Ann. § 38-109. *Williams v. State,* 239 Ga. 12 (235 SE2d 504) (1977). The case was not composed solely of circumstantial evidence. His statement and those of his co-defendants regarding the murder were direct, rather than circumstantial, evidence. *Bowen v. State,* 181 Ga. 427 (4) (182 SE 510) (1935); *Henderson v. State,* 210 Ga. 680 (1) (82 SE2d 638) (1954); *Northcutt v. State,* 228 Ga. 653 (187 SE2d 260) (1972). The medical testimony and police testimony concerning the body were direct evidence. *House v. State,* 232 Ga. 140, 146 (205 SE2d 217) (1974). Where there is some direct evidence, it is not error to fail to charge on circumstantial evidence absent a written request to charge. *Bryant v. State,* 229 Ga. 60 (1) (189 SE2d 435) (1972); *House v. State,* supra. Moreover, the case against him was neither close nor doubtful. Accordingly, the error, if any, was harmless. *Hawes v. State,* 240 Ga. 327, 330 (3) (240 SE2d 833) (1977). The first enumeration of error is without merit.

2. Appellant next contends that the trial court erred in not directing a verdict of acquittal on his own motion as the state had failed to prove the corpus delicti independently of his incriminating admission. The portion of his incriminating statement regarding the death of the victim by a shotgun blast was corroborated by medical and police testimony concerning the circumstances in which the victim's body was found and the cause of death, and by the statements of his co-defendants. This evidence suffices to establish the corpus delicti. *Gilder v. State,* 219 Ga. 495 (2) (133 SE2d 861) (1963). The second enumeration of error is without

merit.

3. Appellant next asserts that his incriminating statement should have been excluded on the ground that it was not given voluntarily. Appellant did not testify during the Jackson-Denno hearing. The state presented the testimony of the two police officers to whom appellant's statement was given. They testified that they read to appellant his Miranda warnings; that he said he understood his rights, did not want a lawyer, and was ready to make a statement; that he was not under the influence of intoxicants and no promises of reward and no threats were communicated to him; that he asked one of them to write his statement out for him; and that the statement was signed by him. The determination of the trial court to admit the statement is not clearly erroneous and, accordingly, the third enumeration of error is without merit. *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977).

4. Appellant's last enumeration of error contends that the trial court erred in denying his motion for severance. The state waived the death penalty and elected to try the defendants jointly. Accordingly, the motion for severance was addressed to the sound legal discretion of the trial court. Code Ann. § 27-2101; *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347) (1977). "Some of the considerations for the [trial] court in exercising its discretion have emerged from the cases considering motions to sever: 1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?" (Matter in brackets added.) *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). The defendant seeking severance also must make a clear showing of harm or prejudice to him and a consequent denial of due process that would result from denial of his motion for severance. *Cain v. State,* supra; *Baker v. State,* supra.

Appellant contends that the evidence of the tire treads and sandal prints at the scene was inadmissible as

to him, but he made no objections to this evidence at the time of its introduction and sought no instructions from the court limiting its consideration by the jury. Appellant concedes that his name had been deleted from the incriminating statements of his co-defendants before they were presented to the jury but contends that the jury must have known that the other unnamed participants included him. Appellant has failed to make a clear showing of harm or prejudice regarding the introduction of this evidence and has not shown an abuse of discretion in the denial of his motion for severance. *Baker v. State*, supra. The defenses presented by the co-defendants were not antagonistic, and appellant apparently makes no contention in this regard. Accordingly, his fourth enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 21, 1979 — DECIDED MAY 2, 1979.

*John S . Dalis,* for appellant.
*Richard E. Allen, District Attorney, Gayle B. Hamrick, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson,* for appellee.