## 34959. BOYD v. THE STATE.

NICHOLS, Chief Justice.

Jerry Lewis Boyd was indicted, together with David Lester Jones, Michael Brown, and Kenneth Sanford, for the murder of Lynn C. Sullivan. Michael Brown pled guilty and was sentenced to life imprisonment. The others were tried jointly, convicted and received life sentences. The conviction of David Lester Jones was affirmed in *Jones v. State,* 243 Ga. 584 (255 SE2d 702) (1979), to which reference may be made for a statement of the facts.

1. Boyd first enumerates as error the admission in evidence of a portion of Michael Brown's confession during cross examination by counsel for one of the co-defendants of the state's witness, Officer Ronnie Strength.

Boyd, Jones and Sanford were represented by separate counsel during their joint trial. After a Jackson-Denno hearing, the trial court admitted the statements made by Boyd, Jones and Sanford with the names of the co-defendants omitted. The state did not introduce any evidence concerning Brown's statement.

Counsel for Boyd and Sanford objected to use of Brown's statement by counsel for Jones during his cross examination of Officer Strength. The object of the line of questions was to demonstrate that Jones' and Brown's statements were virtually identical in wording. Following the cross examination, the trial court instructed the jury that they were not to consider Brown's statement in determining the guilt or innocence of the defendants Boyd and Sanford; rather, that Brown's statement had been offered into evidence for the purpose of showing that David Lester Jones never made his statement or that it was not freely and voluntarily given. In charging the jury, the court reiterated those instructions. No exceptions were taken to these charges by the defendants. These facts do not present a Bruton violation. The state did not introduce Brown's statement for any purpose. The limited purpose for which the statement was used by defense counsel on cross examination twice was made clear to the jury by cautionary instructions. The statement was not used against Boyd. His name was deleted from it. This court finds no error. Bruton v. United States, 391 U. S. 123 (1968); Code Ann. § 38-414; *Hill v. State,* 232 Ga. 800 (209 SE2d 153) (1974); *Reeves v. State,* 237 Ga. 1 (226 SE2d 567) (1976). Moreover, the evidence against Boyd was overwhelming and, accordingly, if there had been error, it would have been harmless. Schneble v. Florida, 405 U. S. 427 (1972); *Reddish v. State,* 238 Ga. 136 (231 SE2d 737) (1977).

2. The admission of color photographs of the bloodstained interior of the victim's automobile was not error. *Godfrey v. State,* 243 Ga. 302, 304 (2) (253 SE2d 710) (1979).

3. There is no merit to his contention that the trial court should have charged the substance of Code Ann. § 38-109 pertaining to circumstantial evidence. *Jones v. State,* 243 Ga. 584, supra.

4. The fourth enumeration of error asserts that the trial court erred in denying Boyd's motion for severance; and that this denial forced him to suffer prejudice to his case because of the use of Brown's confession by Jones' attorney during cross examination of Officer Strength.

This did not cause Boyd's defense to be antagonistic to Jones' defense or to permit the evidence as to Brown's confession to be used against Boyd. Division, 1, supra. *Jones v. State,* 243 Ga. 584, supra.

5. The fifth enumeration of error relates to the sufficiency of the evidence to support the verdict. After having reviewed the evidence in the light most favorable to the prosecution, this court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 99 SC 2781 (Case No. 78-5283. Decided June 28, 1979).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1979 — DECIDED SEPTEMBER 6, 1979 .

*Jack G. Angaran,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.