58479. KATES v. THE STATE.
58558. FORD v. THE STATE.

BIRDSONG, Judge.

Messrs. Kates, Ford and Hall were jointly tried for the offense of armed robbery. Kates and Ford were convicted and sentenced to serve fifteen years. Hall was acquitted. Kates and Ford have separately filed enumerations of error based upon separate appeals. Inasmuch as the alleged errors arise out of the same trial and transcript, we have consolidated the appeals and will treat the case as one though the two allegations of error are, in the main, dissimilar. Kates enumerates three errors and Ford enumerates five. *Held:*

1. In brief, the facts show that the three defendants were residents in Columbus, Georgia. On the evening in question, Kates and Ford contacted Hall and requested transportation to Atlanta, ostensibly to vsit Kates' sister. Hall drove for a while but at Manchester surrendered the operation of the vehicle to one of the other men. Hall established to the satisfaction of the jury that as the car approached Atlanta, he (Hall) fell asleep on the back seat. He awoke to a high speed chase into Atlanta. He testified that he was not aware that a robbery was contemplated or had occurred. The car crashed into a building whereupon all three of the men were apprehended.

Other evidence showed that two men, identified at the trial as Kates and Ford, entered an all-night convenience store in College Park at about 2 a.m. After some desultory movement, one of the two exposed a .22 caliber pistol and removed the bills and change from the cash register while the other kept a lookout. A small tray of inexpensive costume jewelry was also taken. One of the two men removed a bottle of orange drink from the cooler and left the bottle on the counter as they fled the store. After the apprehension, an amount almost identical to that taken from the store was recovered from the the three men. A .22 caliber pistol and a tray of costume jewelry identical to that taken were recovered from the car. The search also revealed a .38 caliber pistol, cartridges for a .22 and a .38 caliber pistol, a blue shirt identical to one worn by one robber and a green shirt identical to the one

worn by the other. Certain other items taken from the defendants such as gum wrappers, receipts, wrist watches, cigarette lighters and the like were placed into evidence envelopes along with the recovered money. At trial, all of the above items of real evidence were admitted into evidence over objection.

2. In Case No. 58558, the appellant Ford enumerates as his first error the admission of all the above evidence, either because it was irrelevant (i.e., the .38 pistol, cartridges, cigarette lighters, watches, etc.) or because of the absence of a chain of custody.

In this case it is apparent that the witnesses identified the gun, the costume jewelry, the clothing, the money and the other items based upon the appearance and peculiar circumstances under which the items had been brought to the attention of the witness. It is not necessary that the authenticity of an exhibit be proved to an absolute certainty. *Sims v. State,* 243 Ga. 83, 85 (252 SE2d 501); *Jackson v. State,* 236 Ga. 895 (2) (225 SE2d 908). Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891); *Floyd v. State,* 137 Ga. App. 181 (2) (223 SE2d 230). Even the currency, which ordinarily would be considered fungible, was identified because it was of a certain quantity, enclosed in evidence bags which had initials appearing thereon and combined with readily identifiable items such as a wrist watch, receipts, gum wrappers, and cigarette lighters. All the items of evidence were relevant to establish identity. Thus, where it appeared that the robbery was committed by two men dressed in particular apparel and wielding a .22 caliber gun, we conclude that it would make no material difference whether or not it is established that the clothing, the tray of costume jewelry, and the pistol found in the car occupied by the appellants were the exact same items used or taken at the time the crime was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not they were the identical items worn and utilized by the defendants. *Jung v. State,* 237 Ga. 73, 74 (226 SE2d 599); *Katzensky v. State,* 228 Ga.

6 (3) (183 SE2d 749). The items of evidence such as the .38 caliber pistol, the watches, cigarette lighter, etc., were not shown to have been used in the robbery, but they were in the car at the time of the arrest and were connected for identification purposes to the offense. Although evidence of collateral matters may cast only remote light on the main issues of a case, it is necessary that trial judges be vested with some latitude as to the admissibility of this type of evidence. Code § 38-202; *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485). Evidence which is irrelevant will not always require reversal, since prejudice also must appear. We find no harm under the facts of this case. This enumeration lacks merit.

3. In his second enumeration of error, Ford contends that the victim of the robbery, one Curry, was allowed erroneously to make an in-court identification, allegedly mistaken, because Curry had been shown a pictorial lineup earlier without counsel or the defendant being present. There is no established constitutional right to counsel at an out-of-court photographic identification where the defendant is not present. United States v. Ballard, 423 F2d 127. At trial Curry made very clear that his in-court identification was based upon the several-minute exposure to the two appellants at the scene of the crime. A conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Myers v. State,* 236 Ga. 677, 678 (225 SE2d 53); *Dagenhart v. State,* 234 Ga. 809, 810 (218 SE2d 607). There being no assertion that the photographic lineup was in any way suggestive (as opposed to the absence of counsel or accused), the trial court did not err in allowing the in-court identification to be put before the jury. *Thomas v. State,* 148 Ga. App. 222, 223 (251 SE2d 136).

4. In his third enumeration of error, Ford argues that error was committed when the witness Curry made reference to a picture after the trial court had sustained an objection to the use of such pictures and stricken any reference thereto from the record. We note that the only

objection made to the use of the picture was that neither counsel nor the accused was present when Curry was shown the picture. As indicated in the division above, this was not a proper objection because no such right to be present exists. Moreover, the context of the answers was that Curry had previously made a "statement" to police that he could not identify one of the appellants from a picture. This answer was given during cross examination and was responsive to the question asked. Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, if it is a direct and pertinent response to the question propounded. *Rozier v. State,* 126 Ga. App. 336 (1) (190 SE2d 627); and this is particularly true where the line of questioning is pursued. *Clyatt v. State,* 126 Ga. App. 779, 783 (192 SE2d 417). This enumeration at worst presents a harmless matter and thus is without merit.

5. In his fourth enumeration of error, Ford urges that the prosecutor committed prejudicial error in closing argument. Each defendant was represented by different counsel. During closing argument by counsel for Ford, the counsel argued that the reason that Ford did not take the stand was because the state had presented nothing to rebut and therefore it was not necessary for Ford to testify. In rebuttal, the state argued that the reason Ford did not take the stand was because he was guilty. Upon objection by counsel for Kates, joined by counsel for Ford, the trial court sustained the objection and chastised both counsel for their remarks and directed the jury to disregard such argument. Kates argued that because this was a joint trial, the prosecutor's comment could be attributed to Kates and amounted to both a comment upon Kates' exercise of his right to remain silent and an expression of opinion that Kates did so because he was guilty. Ford joined in the objection insofar as it amounted to an expression of opinion as to guilt.

We find these arguments speculative. Kates' name was never mentioned. The state's argument was not original but purely in rebuttal to the argument of counsel for the defendant Ford. We agree that argument by a district attorney deliberately calling the jury's attention to the defendant's failure to testify is most improper. *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545).

However, in this case the prosecutor did not initiate the observation. That reference originated with counsel for Ford. Assuming it was error for either Ford's counsel or the state to make such a reference, it was induced by counsel for Ford and Ford has raised no allegation of error directly to any reference to his failure to take the stand. Under the related doctrine of curative admissibility, we would be inclined to hold that the state's rebuttal was not improper *(Ray v. Gallant-Belk Co. of Elberton,* 147 Ga. App. 580, 581 (249 SE2d 635)), but even assuming error in the comment, where an objection to the comment was sustained, the district attorney chastised, and the jury admonished to disregard any such comments, there is no error in denying a motion for a mistrial. *Floyd v. State,* 143 Ga. 286, 287 (5) (84 SE 971); *Iler v. State,* 139 Ga. App. 743, 744 (229 SE2d 543). Furthermore, the trial judge recharged the jury that a defendant is not compelled to give evidence either for or against himself and further, that there is no presumption against the defendant by reason of his silence, and nothing harmful should be considered by the jury because of the failure of the defendant to testify. We find no harmful error to the rights of the appellant Ford considering the corrective action taken by the trial court. This enumeration is without merit.

6. In his final enumeration of error, appellant Ford argues that the trial court erred in failing to grant a motion for new trial, urging the same grounds discussed in the foregoing divisions of this opinion. For the reasons previously stated, we find no error in the denial of the motion for new trial.

7. In Case No. 58479, the appellant Kates enumerates three alleged errors. In his first enumeration of error, Kates contends that the trial court erred in denying his motion to sever. The evidence shows that neither Kates nor Ford took the stand. The co-defendant Hall testified in his own behalf but denied any knowledge of a criminal design to commit a robbery or any knowledge of that crime being committed by anyone. Thus, Hall neither implicated himself nor either of his co-defendants in the crime alleged.

The decision to grant a severance rests within the

sound discretion of the trial court, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each case, and whether the joining of the defendants in one trial might confuse the jury. *Clemson v. State,* 239 Ga. 357, 360 (1) (236 SE2d 663). The burden was on the appellant Kates to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, 406 F2d 930 (5th Cir. 1969). He was required to make a clear showing of prejudice and a consequent denial of due process. *Stovall v. State,* 236 Ga. 840, 841 (225 SE2d 292). The transcript does not support such a burden. This enumeration is without merit.

8. In his second enumeration of error, Kates raises the same arguments of as did Ford in complaining about the arguments of counsel for the state, in commenting upon the exercise of the right to remain silent and the expression of opinion as to guilt. Kates also argues that counsel for Hall aggravated the error by arguing on behalf of Hall that Hall was not a participant and that the evidence showed only two, not three, robbers.

As to the argument by Hall's attorney, Hall's testimony did not independently of other evidence implicate either Kates or Ford. Hall was certainly authorized to argue the facts. Kates contends that the argument of Hall's attorney was a prejudicial comment on the participation of Kates and Ford in the robbery. Of course, it was not the argument that raised the implication but the uncontested facts placed before the jury by sworn witnesses. The court properly allowed counsel to argue all reasonable inferences and deductions which may be drawn from the evidence however illogical or harmful they may seem. *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148); *Minor v. State,* 143 Ga. App. 457, 458 (238 SE2d 582). As to the comment that Ford did not take the stand because of his guilt, for the same reasons stated in Division 5 of this opinion, we find no error. At best the argument is speculative as to Kates and rendered harmless by the corrective action taken by the trial court.

9. In his final enumeration of error, Kates claims that the state failed to establish venue, to Kates'

prejudice. The transcript not only does not support this argument but manifestly rebuts it. Two witnesses testified that the robbery took place in College Park and within Clayton County. This testimony stands unrebutted. Evidence as to venue, even though slight, is sufficient, where there is no conflicting evidence. *Aldridge v. State,* 236 Ga. 773 (1) (225 SE2d 421). This enumeration is without merit.

10. There are no errors or irregularities in either Case No. 58558 or Case No. 58479 warranting corrective action by this court or calling for a new trial. Accordingly, the judgments in both cases will be affirmed.

*Judgments affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 24, 1979.

*Stephen E. Boswell,* for appellant (Case No. 58479).
*Jay W. Bouldin,* for appellant (Case No. 58558).
*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.