## 60216. BUTLER v. THE STATE.

SOGNIER, Judge.

Appellant Butler and a co-defendant, Mitchell, were convicted of motor vehicle theft. A third party, Thomas, was arrested with Butler and Mitchell but was not tried for the offense.

At 2:30 a.m. on September 20, 1979 a witness observed a 1975 Ford Station Wagon being driven off a used car lot in Waycross, Georgia. The incident was reported to the police and upon investigation, it was observed that the chain across the driveway at the used car lot had been cut. A few hours later, the police found the car parked in the parking lot of the Days Inn Motel in Waycross. While the police officers were investigating, they saw appellant Butler and talked with him in the parking lot of the motel. Butler pointed out the car he had been driving and consented to a search of the car. One of the police officers seized a pair of bolt cutters which he saw on the back floor of the car. Butler was taken into custody, and told the police his motel room number. The police found Mitchell and Thomas in the room, and arrested them for motor vehicle theft.

Mitchell, Butler and Thomas gave statements to the police, and Mitchell and Butler admitted cutting the chain fence and driving the car off the lot. Thomas denied any participation in the incident. Mitchell and Butler also stated that Thomas had no part in taking the car.

1. Appellant contends that the trial court erred in admitting his statement into evidence since it was not made voluntarily. A Jackson v. Denno hearing (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) was held at which Butler testified he had been promised lenience with regard

to a possible drug charge, thus making his statement on auto theft involuntary. However, he refused to answer questions on cross-examination, and the police officer who obtained Butler's statement testified that although he advised Butler he had found heroin in *Thomas'* clothing, the officer did not threaten appellant or make any promises to him to induce the statement. Further, the police officer did not tell Butler he might have violated the Georgia Controlled Substances Act. Since there was evidence to support the trial court's apparent determination that Butler's statements were not induced by any hope of benefit or reward, we will not disturb the court's findings of admissibility. *Dawson v. State,* 153 Ga. App. 130 (265 SE2d 74) (1980).

2. Appellant also contends that the trial court erred in admitting the statements of Mitchell and Thomas into evidence. None of the three testified at trial. Butler, Mitchell and Thomas each signed a statement implicating Butler and Mitchell and exonerating Thomas. The trial court found, after a Jackson-Denno hearing, that all the statements were made voluntarily. Each statement was read and signed in the presence of all three of the accused, and the charges against Thomas were subsequently dropped.

With regard to Mitchell's statement, evidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross-examination. *Reddish v. State,* 238 Ga. 136, 138 (231 SE2d 737) (1977); Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). However, where the testimony presented in the co-defendant's confession is supported by the complaining defendant's own confession, there is no violation of appellant's right of confrontation. *Gamarra v. State,* 142 Ga. App. 196, 197 (2) (235 SE2d 652) (1977); *Mahone v. State,* 237 Ga. 120, 121 (3) (227 SE2d 16) (1976).

Thomas was not present at trial but his statement, which was read and signed by him in appellant's presence, was admitted into evidence. Although appellant contends this was error this issue need not detain us, because the statement objected to was merely cumulative. (See, however, *Strickland v. State,* 115 Ga. App. 278, 279 (2) (154 SE2d 622) (1967)). The other evidence in the case, including appellant's own confession, established his guilt beyond a reasonable doubt. We do not find that "there is a reasonable possibility that the improperly admitted evidence contributed to the conviction." *Crowder v. State,* 237 Ga. 141, 155 (227 SE2d 230) (1976); *Corson v. State,* 144 Ga. App. 559, 562 (241 SE2d 454) (1978).

3. Appellant contends that the evidence was not sufficient to support the verdict. After a review of the record we find that a

rational trier of fact could have found from the evidence adduced at trial proof of the essential elements of the crime beyond a reasonable doubt. *Simonton v. State,* 151 Ga. App. 431, 434 (260 SE2d 487) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED OCTOBER 14, 1980.

*Franklin D. Rozier, Jr.,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.