## 36737. RACHEL v. THE STATE.
## 36738. ROBINSON v. THE STATE.
## 36739. WRIGHT v. THE STATE.

CLARKE, Justice.
Appellants Rachel, Robinson and Wright were convicted of the felony murder of John Ruff, an employee of the Atlanta Housing Authority. All three were sentenced to life imprisonment.

The appeals of Rachel and Robinson are essentially the same. Both of these appellants allege three enumerations of error: (1) insufficiency of evidence of the cause of death; (2) error of the court in finding pursuant to a Jackson v. Denno hearing that confessions made by these appellants were freely and voluntarily given and admitting them into evidence; and (3) failure of the court when recharging the jury as to felony murder to charge the elements of the underlying felony. In addition to errors (1) and (3) assigned by the other two appellants, Wright alleges as well that the case presented against him was insufficient to support a conviction. Wright also complains the court erred in refusing his motion for a severance of his trial from that of his co-defendants since Wright was prejudiced by the admission of the confession of Robinson, who did not take the

stand and was therefore unavailable for cross-examination.

According to the testimony of two women employed by the Atlanta Housing Authority with Gregory Wright, on July 20, 1979, Wright said that Johnny Ruff had a large amount of money and that he could find someone "to do him in." Both women testified that they thought Wright might have been kidding. Both Rachel and Robinson gave confessions in which they said Robinson, Rachel and another man named "June," who had apparently not been apprehended at the time of trial, and who was Gregory Wright's brother, waylaid Johnny Ruff in the Grady Homes housing project. According to both statements, Robinson pointed the gun at Ruff, and they told him to give up the money. Robinson's statement indicated that as the man backed off, he fired one shot in the ground and as the victim tried to get away, Robinson shot him. Robinson said that June and Rachel ran away without touching the man. Rachel's statement indicated that after they demanded the money, Robinson shot up in the air one time. Then as the man reached for Robinson, he shot him four times.

Robinson's confession also contains the only evidence offered other than the testimony of the two women employed by the Atlanta Housing Authority which linked Wright to the crime. According to Robinson's confession, Wright and Wright's brother June came over to a house where Robinson and Rachel were. Wright said that he knew where they could make some money. Wright said the intended victim would not put up any resistance. Robinson further said in his confession that Wright set everything up and pointed out the person whom they were to rob. Robinson also said that the gun belonged to Wright. Rachel's confession, on the other hand, made no mention of Wright.

According to all the testimony, Wright was at his mother's apartment when the shooting took place. That apartment was so close to the scene that Wright arrived right after the shooting as he ran outside after he and his mother heard the shots. Wright testified that he saw Robinson and "another black male" running from the scene. Wright consistently denied that he had anything to do with the crime and insisted that he tried to help Johnny Ruff and that he was the person who called the ambulance.

Johnny Ruff was admitted to Grady Hospital and was released on July 30, 1979. He died within a few hours of his release. Testimony at trial by the forensic pathologist who performed the autopsy, indicated that death resulted from pulmonary embolism.

1. All three appellants argue that there was not sufficient evidence to prove the cause of death. In Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the United States Supreme Court set out the standard of review of the sufficiency of the evidence

to support a criminal conviction. The Court held: "The relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. The question raised here by all three appellants is whether there was sufficient evidence of the cause of death to enable a rational trier of fact to conclude that the victim died as a result of the gunshot wounds. The forensic pathologist who performed the autopsy on the deceased testified at trial that it was his conclusion that the deceased died as a result of pulmonary embolism due to gunshot wounds. He further stated that the autopsy revealed no other cause of the embolism other than the damage done by the gunshot wounds. A first year surgery resident who was part of the team which treated the deceased was called as a witness for Rachel. This doctor said that he could not say without a doubt that in the case of a person such as the deceased who was treated for gunshot wounds and later died as a result of pulmonary embolism, that that embolism was caused as a result of the gunshot wounds. However, he also said that he did not perform the autopsy on the deceased and that most physicians defer a determination of the cause of death to forensically trained physicians such as medical examiners and rely upon the expertise of such physicians. In answer to a question whether he would concur in the recommendation of a forensically trained physician based upon his expertise and based upon the fact that he had examined the deceased, the witness said that he would. See *Littles v. State,* 236 Ga. 651 (224 SE2d 918) (1976).

It is well established that evidence must be viewed in the light most favorable to the verdict. *Pierce v. State,* 243 Ga. 454 (254 SE2d 838) (1979); *Eubanks v. State,* 240 Ga. 544 (242 SE2d 41) (1978). Applying the test set out in Jackson v. Virginia, supra, the reviewing court must consider whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. We find that here the evidence was sufficient to support the verdict of the jury that the victim died as a result of the gunshot wounds suffered by the victim during the course of the crime for which the appellants were convicted.

2. In their second enumeration of error, appellants contend that the court erred in admitting into evidence the sworn statements of Robinson and Rachel. Appellants argue that the statements were not voluntary in that Robinson was distressed over the death of his stepmother and was promised by a detective that if he signed the statement, he could attend her funeral. He also alleges physical abuse and fear. The thrust of Rachel's contention that his statement was not voluntary is that he has only a ninth grade education and was not

sufficiently literate to appreciate what he was signing. The trial court conducted a thorough and sifting examination into the voluntariness of the statements admitted. All of the issues raised on appeal in this regard were raised below, witnesses were called, and witnesses were subjected to cross-examination. Unless the trial court's factual determination and findings as to credibility following a Jackson-Denno hearing are clearly erroneous, these findings will not be reversed upon appeal. *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977), cert. denied 439 U. S. 882 (1978). We find that the determination of the trial court to admit the statements was not erroneous and that this enumeration of error is without merit.

3. All three appellants enumerate as error the trial court's failure to recharge the elements of the underlying felony when he recharged the jury on felony murder at the jury's request. The jury, after it had begun its deliberations, requested a recharge on malice murder, felony murder and aggravated assault. The trial court recharged the jury on these issues. Appellants contend that in recharging the jury on felony murder, the court should have, as well, recharged the jury on the underlying felony. It is well settled that where the jury requests a recharge on a specific issue, the trial court is not required to recharge the jury in toto. *Kesler v. State,* 235 Ga. 251 (219 SE2d 145) (1975); *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972). In its original charge to the jury, the court charged as to malice murder, felony murder, armed robbery, criminal attempt, and aggravated assault. The court further charged that there must be some connection between the felony and the homicide in order to convict of felony murder. The trial court recharged the jury at its request by giving the statutory definitions of malice murder, felony murder, aggravated assault, criminal attempt, and armed robbery. Counsel for all defendants specifically stated that they had no objections, exceptions, additions, or omissions to the recharge given pursuant to the request of the jury. Appellee insists that appellants waived their right to enumerate the recharge as error by failing to object to the recharge. Appellants did, however, reserve the right to later object at the time of the original charge. We do not reach the question whether this original reservation of right to object extended through the recharge because we find that there was no error in the recharge. As discussed above, the trial judge is under no requirement to recharge in toto when asked for a recharge on specific points by the jury. Looking at the charge as a whole, we find that the jury was fully charged on all points and that the third enumeration of error is without merit.

4. Wright raises another issue other than those issues raised in

common with Robinson and Rachel in divisions one and three above. Wright complains of the sufficiency of the evidence in general in regard to him in addition to the question discussed in division one above. The evidence as to Wright's participation in the crime comes entirely from the testimony of the two women employees of the Atlanta Housing Authority and from the confession of Robinson. Wright was not at the scene of the crime but was, rather, in the apartment of his mother at the time of the shooting. The two women testified on the day of the crime Wright said he knew that Johnny Ruff would be carrying the money and that he knew someone he could get to "do him in." Both women testified that they "kind of thought" he was kidding. When one of the women suggested that he shouldn't talk like that, both testified that he said he was teasing. In his confession, Michael Robinson said that Wright knew the victim, assured the others that the victim would just give up the money and not put up a fight, and set everything up for the robbery. Robinson further said that Wright pointed out the victim and that it was Wright's gun that was used to shoot the victim. Robinson did not take the stand and was consequently not available for cross examination by Wright at trial. Following the Jackson-Denno hearing as to the voluntariness of the confessions of both Robinson and Rachel, Robinson's statement was read to the jury with no objection to its admission by counsel for Wright. However, counsel for Wright moved for a severance of his trial from that of his co-defendants at the beginning of trial and again after the admission of the statements of Robinson and Rachel and during the examination of the detective who obtained these statements. He at no time gave the admission of Michael Robinson's statement as a reason for severance. Wright has raised the court's failure to grant his motion for severance as error by way of supplemental brief. Appellee argues that additional enumerations of error were not timely filed and cannot be presented to this court for review. *Stith v. Hudson,* 226 Ga. 364 (174 SE2d 892) (1970); *Arkwright v. State,* 223 Ga. 768 (158 SE2d 370) (1967). In his original enumerations of error, Wright argued that Robinson's statement, along with the testimony of the two women employees of the Atlanta Housing Authority was not sufficient to convict him because the testimony of the two women was that they "kind of" believed that Wright was kidding, that he confirmed that he was only teasing, and that the statement of Robinson in regard to Wright's participation in the scheme was not confirmed by Rachel in his confession. Wright in his original enumerations of error did not complain that he was prejudiced by the admission of Robinson's statement when Robinson did not take the stand and he had no opportunity to cross examine him. It was only in his supplemental

brief that he complained of the trial court's failure to grant appellant Wright's motion for severance.

The court has searched the record and has found that Wright did not object to the admission of the damaging statement of Robinson. Furthermore, when Wright moved for a severance, he did not give the admission of Robinson's statement as a ground for the motion even though he renewed the motion on several occasions. However, an error which deprives a defendant of a constitutional right, unless waived according to law, may be raised on application for habeas corpus. To require this additional proceeding in order to reach an issue simply because an enumeration of error is late under our rules would be a useless waste of judicial time and effort. We will, therefore, consider the enumeration of error in this case. Cf. *Barnes v. State,* 244 Ga. 302 (260 SE2d 40) (1979).

The issue raised by appellant Wright in his amended enumeration of error is that under the holding of Bruton v. United States, 391 U. S. 123, 126 (88 SC 1620, 20 LE2d 476) (1968), ". . . because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of [the co-defendant's] confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." The situation in the present case is exacerbated by the fact that no limiting instructions were given by the court at the time of the introduction of the statement. It is true that the court at the conclusion of the Jackson-Denno hearing and prior to the jury's being readmitted to the courtroom asked if counsel wished to request any instructions. Wright's counsel did not request such instructions.

Appellee insists that even if the admission of the confession without an opportunity for Wright to cross examine Robinson was error, it was harmless error. Appellee cites Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1969); Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972); Brown v. United States, 411 U. S. 223 (93 SC 1565, 36 LE2d 208) (1973); United States v. Hicks, 524 F2d 1001 (5th Cir. 1975). Each of these cases is distinguishable from the case at hand. In Harrington and Brown, the evidence contained in the confession was found to be merely cumulative and therefore its admission in violation of the Bruton rule was considered harmless. In Schneble, the appellant himself had also confessed, making the incriminating statement of his co-defendants merely cumulative. In United States v. Hicks, the confession of the co-defendant was found to inculpate only the declarant and not the appellant. In the case at hand, the admission of the confession of Robinson who did not take the stand in the joint trial was harmful

error under the standards set out in Bruton v. United States, supra. The admission of the confession without an opportunity for cross-examination violated Wright's sixth amendment guarantee of confrontation of witnesses against him. Therefore, Wright must be granted a new trial. *Knowles v. State,* 246 Ga. 378 (271 SE2d 615) (1980).

Having found the errors assigned by Robinson and Rachel to be without merit, their convictions are affirmed.

*Judgment affirmed in part; reversed in part, and appellant Wright remanded for new trial. All the Justices concur.*

DECIDED FEBRUARY 11, 1981.

*Michael E. Hancock,* for appellant (case no. 36737).

*Myra Dixon,* for appellant (case no. 36738).

*Myra Dixon, Lawrence Lee Washburn III,* for appellant (case no. 36739).

*Lewis R. Slaton, District Attorney, R. Michael Whaley, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General,* for appellee.