## 63424. GOLPHIN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of aggravated assault in shooting the victim with a shotgun, a deadly weapon. He was sentenced to serve a term of 10 years. His appointed counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), that is, that after a careful and conscientious examination of the record and proceedings counsel believes an appeal of this case to be frivolous. In accordance with Anders v. California, 386 U. S. 738, supra, counsel in filing the motion to withdraw as appointed counsel, has attached a brief raising points of law which counsel considered arguably could support an appeal, together with a letter to his indigent client stating the reasons why he was asking that he be allowed to withdraw as his attorney and enclosing a copy of the motion and brief. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), we have fully examined

the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that none of the points raised have any merit and our independent examination fails to disclose any other errors of substance. Accordingly, we found the appeal to be wholly frivolous and granted permission of counsel to withdraw. The defendant has been notified of this action and of his options by reason thereof.

Since the withdrawal of counsel, defendant has by letter argued the sufficiency of the evidence, and his agreement to voluntarily take a polygraph test (which he did not pass) and to allow it in evidence, contending he did not realize that severe nerve damage he had received from a shot in the spine "would make a difference." However, defendant is bound by the stipulation to allow the expert opinion testimony with reference to the polygraph test. See *State v. Chambers,* 240 Ga. 76, 80 (239 SE2d 324). The trial court properly charged the jury with reference thereto as found at page 80 of the *Chambers* case. We find no merit in these complaints.

In further compliance with Anders v. California, 386 U. S. 738, supra, we have fully and carefully examined the record and transcript and find no reversible error. A rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of aggravated assault. See *Rachel v. State,* 247 Ga. 130, 132 (1) (274 SE2d 475); *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 26, 1982.

*Sam B. Sibley, District Attorney,* for appellee.