## 63847. MARTIN v. THE STATE.

DEEN, Presiding Judge.

Appellant Martin and one Bolds were jointly indicted, tried, and convicted of attempt to rob. Lord, the victim, went to his car between 9:30 and 10:00 p.m. and noticed damage in the convertible top apparently caused by a knife. At that time two persons approached with a gun and told him to throw out his money, jewelry and tapes, and drive off. The victim did so but, seeing the robbers approaching the loot, threw the car into reverse and they ran away. The victim later identified both defendants, although he at first made some errors in regard to Martin's identity, whereas he was very definite as to Bolds. Two other witnesses in the vicinity of the restaurant near which the incident occurred testified to seeing Martin and Bolds

together at about the same time, one of whom testified that he saw them running from the parking lot.

1. Appellant Martin attempted to bar the victim's identification as unreliable because it differed in some respects from that of other witnesses, and because, while immediately identifying Bolds, he at first misidentified a bystander. A witness may of course be impeached by previous contradictory statements (Code § 38-1803). Such statements are admissible, but are not a ground for excluding the testimony. The contradictions may be considered by the jury as going to his credibility. *Simmons v. State,* 220 Ga. 881 (142 SE2d 798) (1965). No suggestive conduct was established on the part of the peace officers in regard to photographic identification.

2. The mere fact that testimony as to one of two codefendants is stronger than that linking the other to the crime does not demand a finding that the denial of a motion to sever is an abuse of discretion. Code § 27-2101; *Kelley v. State,* 248 Ga. 133 (281 SE2d 589) (1981); *Kates v. State,* 152 Ga. App. 29 (7) (262 SE2d 221) (1979). It has frequently been stated that the court, in exercising this discretion, should consider whether the number of defendants will create confusion during the trial; whether the strength of the evidence against one defendant will engulf the other with a "spillover" effect, and whether the defendants' claims are antagonistic to each other's rights. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). The claims were not antagonistic. In considering the motion the court made an investigation in which it appeared that both defendants took the position they were not present and did not participate in the robbery. The facts do not fall under the rule applied in *Crawford v. State,* 148 Ga. App. 523, 526 (251 SE2d 602) (1978), where the evidence against Crawford was held to be slight, "he should not be convicted merely by association." Id. p. 526. Martin and his codefendant made no claim that they were not together at the time of the robbery and this fact was established by three witnesses who also placed them in the vicinity of the vandalized automobile very shortly before or at the time of the robbery attempt.

3. Appellant further urges, moreover, that the court was aware at the time of the motion to sever that the state intended to introduce a polygraph expert who in fact did testify over objection that he examined the codefendant by this method and that his results indicated the codefendant was lying when he denied being present or helping anyone to rob the victim. He contends that such testimony is equivalent to those cases in which a codefendant confesses a crime, incriminating others jointly tried, which is held to amount to a violation of his Sixth Amendment right to confrontation with a codefendant who does not take the stand. That admission of

testimony regarding the confession of a codefendant jointly tried is usually erroneous where the codefendant does not testify so as to be subject to cross-examination, see Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); *Rachel v. State,* 247 Ga. 130 (4) (274 SE2d 475) (1981); *Hannah v. State,* 144 Ga. App. 677 (242 SE2d 334) (1978). There are of course exceptions to the rule. *Butler v. State,* 156 Ga. App. 89 (274 SE2d 104) (1980); *Knowles v. State,* 246 Ga. 378 (4) (271 SE2d 615) (1980).

As to polygraph tests, the former rule in this state, and still a majority rule in many states, is that the tests are inadmissible under all circumstances. *Famber v. State,* 134 Ga. App. 112, 113 (213 SE2d 525) (1975), and see *Stack v. State,* 234 Ga. 19 (1) (214 SE2d 514) (1975); *Scott v. State,* 238 Ga. 30 (230 SE2d 857) (1976). *Famber* was overruled in *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977), which joined the group of states presently holding that the results of polygraph examinations are admissible when the parties so stipulate prior to the test, as opinion evidence offered to discredit or impeach the subject. Jury instructions were given as approved in *Chambers* to the effect that the weight to be accorded such evidence is entirely for the jury.

We have found no case in which the exact issue has been raised. In State v. Stanislawski, 216 NW 2d 8 (Wisc.) (1974), a rape conviction was reversed because of the refusal of the court to admit the results of two lie detector tests, one of which tended to show that the defendant was truthful in denying the rape and other that the prosecuting witness was untruthful in accusing him, on the ground that the action was an abuse of discretion. The court nevertheless set out the following guidelines for allowing one who had administered a polygraph test to testify as an expert witness: (1) that both sides have stipulated the prospective results may be used in evidence by either side, (2) subject to the discretion of the court in certain stated particulars, such as his satisfaction with the credentials of the examiner and the method of administration, (3) subject to the right of cross-examination of the examiner, and (4) that the jury is instructed that the examiner's testimony "does not tend to prove or disprove any element of the crime but only tends to indicate whether at the time of the examination the defendant [or other person being examined] was telling the truth," and that it is for the jury to determine what weight, if any, should be given to such testimony. We approve these instructions, which closely comport with those mentioned in *Chambers,* supra.

It is obvious from the above that the defendant's enumeration of error on constitutional grounds (deprivation of the right to confront his codefendant) must fail. It is not the codefendant who is testifying

but the examiner. No confession is involved. The results of the test merely furnish an expert opinion of one who disbelieves the codefendant's protestations of innocence, and that witness may indeed be cross-examined by the defense. There is no contention that the codefendant, had he testified, would have denied taking the test or denied that the questions and answers were as quoted. Since in a trial either side has the right to offer contradictory testimony for the purpose of attacking the credibility of any party or any witness, it cannot be said that the failure of the codefendant to take the stand could block the opinion testimony of the examiner if it otherwise met the criteria for admissibility. We find no constitutional violation of right.

*Judgment affirmed. Sognier and Pope, JJ., concur as to Divisions 1 and 2 and concur specially as to Division 3.*

DECIDED JUNE 24, 1982.

*Kennedy R. Packer,* for appellant.
*Harry N. Gordon, District Attorney, Robert Elkins, B. Thomas Cook, Jr., Assistant District Attorneys,* for appellee.

POPE, Judge, concurring specially.

I agree that the trial court did not err in denying Martin's motion to sever and also in admitting testimony as to Bolds' polygraph examination. Martin and Bolds were jointly tried for criminal attempt to commit armed robbery. Co-defendant Bolds' first trial counsel stipulated to the admission of the polygraph testimony. Upon trial the polygraph examiner testified that he had asked Bolds the following questions during the polygraph examination: "Did you help anyone damage that man's car at Cleve's?" and "Did you rob that man at Cleve's on Friday night in April?" Bolds answered "no" to each question. The examiner's opinion was that the answers indicated deception.

Martin objected on the ground that there was a reference to another person in the examination and that the admission of such evidence prejudiced him. The trial court overruled the motion for mistrial and motion for severance and stated that in view of the tenuous nature of the reference to the third party in the questions, the court's proposed instructions pursuant to *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977), would adequately protect Martin's rights. Martin also objected as to the admissibility of the polygraph testimony because the attorney for Bolds who stipulated that such evidence could be used was no longer counsel for Bolds.

Testimony at trial given by Bolds' previous counsel indicated that Bolds was fully informed of his rights concerning the stipulation to admit the polygraph evidence and freely and voluntarily agreed for him to enter into such stipulation. Since no evidence to the contrary was offered at trial, a challenge by Bolds to the court's ruling admitting the evidence was without merit. See People v. Garcia, 13 Cal. App. 3d 486 (91 Cal. Rptr. 671) (1970). Likewise, Martin's derivative objection was meritless.

In determining whether the trial court erred in admitting such evidence we must consider if there was a danger that the polygraph evidence admissible against Bolds would be considered against Martin despite an admonitory instruction by the trial court. There was no showing that Martin was mentioned by name in either the polygraph questions or answers. Moreover, the trial court, in addition to charging pursuant to *Chambers,* supra, charged the jury that while some evidence was applicable to both defendants, other evidence applied only to one or the other. The jury was instructed in determining guilt or innocence to carefully consider only that evidence applicable to both defendants or that applicable only to the individual defendant under consideration. Under these circumstances, Martin has failed to make a clear showing of harm or prejudice regarding the introduction of the polygraph evidence and also has not shown an abuse of discretion by the trial court. See *Jones v. State,* 243 Ga. 584 (4) (255 SE2d 702) (1979).

I am authorized to state that Judge Sognier joins in this special concurrence.